## MACHETTE *v.* WANLESS.

CHATTEL MORTGAGE — *not acknowledged.*   A chattel mortgage made upon good consideration, although it has not been acknowledged according to the statute (R. S. 102), is good against the mortgagor, and one claiming under him, by virtue of a void conveyance.

In a contest between mortgagees, respecting the possession of chattels conveyed to each, by one who is admitted to be the owner, neither mortgage being properly acknowledged : *Held*, that the defendant's mortgage, if executed without consideration, and to save the property to the mortgagor, must yield to the plaintiff's mortgage, the latter being made upon good consideration.

PRACTICE — *order of putting in testimony.*   Whether a plaintiff shall be allowed to anticipate the defense of his adversary, and in the opening put in evidence, which might well be reserved for rebuttal, is so far in the discretion of the court at the trial, that the judgment will not, for that reason, be disturbed, unless it appears to have been prejudicial to the defendant.

PRACTICE — *assigning errors.*   Exceptions taken to rulings of the court during the progress of the trial, in admitting and rejecting testimony, should be particularly set out in the assignment of errors.

| | |
|---|---|
| 2 | 169 |
| 3 | 129 |
| 4 | 327 |
| 4 | 341 |
| 7 | 70 |
| 10 | 492 |
| 2 | 169 |
| 13 | 59 |
| 2 | 169 |
| 15 | 451 |
| 15 | 454 |
| 2 | 169 |
| 17 | 69 |
| 2 | 169 |
| 7a | 198 |
| 2 | 169 |
| 23 | 534 |
| 2 | 169 |
| 37 | 173 |

A motion for new trial, and exception to the ruling of the court thereon, presents in this court only the finding of the jury, upon the evidence, and not the points determined during the progress of the trial, although such points may have been reiterated in the motion for new trial.

EVIDENCE — *privileged communications* between attorney and client do not include declarations made to one to whom defendant applied to have a mortgage prepared, because,

1. The person to whom application was made was not consulted as an attorney, but merely employed as a scrivener.

2. It did not appear in the evidence that the person to whom application was made was an attorney and counselor at law.

NEW TRIAL. Where the evidence is conflicting, the verdict will not be disturbed.

WITNESS — *instruction as to credibility.* Where there is no evidence in the case tending to corroborate a witness, the jury may be instructed, that if they believe any witness has willfully testified falsely to any material fact in the case, they are at liberty to disregard all of such witnesses' testimony, or any part thereof.

MEASURE OF DAMAGES *in replevin.* Where the property in dispute is intended for consumption, interest upon the value of it, at the rate fixed by law, is the true measure of compensation for the detention of it.

INSTRUCTION *as to form of verdict.* The court may prescribe the forms of verdict to be used by the jury, and the jury, being told that they are forms only, could not be misled thereby.

JUDGMENT FOR COSTS — *omission of.* Where each party is entitled to costs the circumstance that judgment has not been entered in favor of appellant is not an objection to that which has been properly entered in favor of appellee.

*Appeal from District Court, Arapahoe County.*

THIS is the second appeal in this cause, the first being reported in 1 Colorado, 225. The writ was in the *detinet* against Charles C. Machette and Joseph Zollinger, for three hundred bushels wheat, ninety bushels oats, twenty bushels barley, of the value of $1,200. In the declaration there was a count in replevin and in trover. To the count in replevin, the defendants pleaded first, *non detinet;* second, property in the defendant, Machette ; to the count in trover, not guilty.

At the trial the plaintiff gave evidence tending to prove that in the year 1867, one Edwin A. Goff occupied plaintiff's farm as a tenant; that plaintiff, from time to time, advanced money to the said Goff, and took notes therefor secured by

mortgage, on one-half of the growing crop on plaintiff's farm. This mortgage being offered in evidence, together with the notes, defendant objected, that it was not acknowledged within the precinct where the mortgagor resided, and offered to show, by testimony, that such was the fact, but the court rejected such testimony, and the mortgage was read; the defendant, also, objected to the notes, that they were not sufficiently identified with the mortgage, which objection was also overruled, and the notes were read. The plaintiff also gave evidence to prove that some effort was made by defendant, Machette, to conceal the property at, and before, the time the writ was issued; that the grain replevied was grown by Goff, upon the plaintiff's farm, and was the same as described in the mortgage to plaintiff; there was much testimony as to the amount and nature of the indebtedness from Goff to plaintiff.

Mr. Mitchell Benedict was called by plaintiff, and stated that Goff called on him professionally, on the 6th of June, 1867, in relation to drawing a mortgage; that Machette was there part of the time, and that he drew up a mortgage in the interest of Machette; he was the grantee. The witness was then asked to state what was then and there done, to which the defendant objected, that whatever the witness knew, he acquired professionally, and it was not proper as going to show the validity of the mortgage. The court overruled the objection, and the witness answered;

On that day, sometime in the forenoon, Machette and Goff came to my office, and wanted to know how long it would take to draw a mortgage; I replied, not more than five or ten minutes; Goff then stated to me — think Machette was present — Goff gave me a description of the property, and I drew the mortgage; Goff desiring I should be quick about it, as Sayre was drawing a mortgage of the same property in the interest of Col. Wanless; I drew the mortgage as speedily as I could and the note; Wilson was present, and took the acknowledgment in my office; Wilson was brought there — or sent for — I think Machette got Wilson; there was no money passed at all; I believe there

was a conversation as to something being wrong ; there was a note drawn at the same time, and signed by Goff ; Machette and Goff had a talk as to the amount to be inserted in the mortgage ; think there was some figuring as to the amount ; when I asked for the amount, Machette and Goff had a conversation among themselves, and had some figuring, and gave me the amount ; wouldn't like to say whether the figuring was as to the amount of the indebtedness or the value of the crop ; I recollect that at the time they were talking, the amount of ground in wheat and barley was talked about, and there were some other crops, and some potatoes ; that was all the conversation in reference to the figuring.

In answer to defendant, the witness testified as follows : Goff paid me for this work and advice ; wouldn't be positive about it ; they asked me the amount, and said they couldn't pay then, but would as soon as they should get the $100 from Wanless.

Mr. Carlos Gove, a witness for plaintiff, stated, that defendant, Machette, declared to him, in the early part of August, 1867, as near as he could remember, that Goff had rented Wanless' place, and that Wanless had taken a mortgage of the crops on the place ; that he had also taken a mortgage, and had succeeded in getting it on record, in advance of Wanless ; that he was going to dispose of the grain, and make it a present to the wife and daughter of Goff, to enable them to go back to the States ; the witness asked defendant if he had any claim on the crops, and he said nothing further than to make it a present to them to get away with ; that it was a sham affair, or something to that effect. It will be observed that the evidence of these witnesses relating to the mortgage from Goff to Machette, was given by plaintiff, in the opening of the case, and before that mortgage had been offered by the defendant.

H. Machette, on behalf of defendants, testified, that an indebtedness was due from Goff to Charles Machette, and that a mortgage was given by Goff to secure it ; that he saw this mortgage at the ranch, where Goff lived, in the after-

noon of June 6, 1867, which was the date of the mortgage. Defendants also gave evidence to prove that Machette took possession of the crop, sometime before the grain was replevied, and that he employed men to cut and thresh it; they also put in evidence a mortgage from Goff to Machette, dated June 6, 1867, conveying one-half of the crop on the Wanless' ranch, to secure a note for $1,500, of the same date, and payable thirty days thereafter.

In rebuttal the plaintiff called the recorder of the county, to prove that the mortgage from Goff to Machette was filed for record at 1:15 P. M., June 6, 1867, and that thereafter the mortgage remained in that office for a considerable time. There were many objections to testimony, which are not noticed in the opinion of the court, and, therefore, they are not here set down. Defendants presented several prayers for instructions, which the court declined to give. Among others, the following was especially urged in this court:

"That the evidence of the witness, Gove, of the verbal admissions of the defendant, given in evidence by the plaintiff, is no evidence to support the issue in this case, on the part of the plaintiff; that said testimony was admitted improperly out of its order, and tended only to prove a negative proposition, not then properly before the court, and the jury should disregard the same, in the consideration of this case."

The court charged as follows:

1. If the jury believe, from the evidence, that Goff was indebted to Machette, and that the mortgage given in evidence, on the part of Machette, was executed to secure such indebtedness, and that Machette obtained possession of the property in controversy, in advance of the plaintiff, then said Machette has the better right here, and the jury should find the defendant not guilty.

2. The mortgage of Goff, to the plaintiff, which was given in evidence on the part of plaintiff, not having been acknowledged and recorded in conformity with the statute (and possession of the mortgaged property not having been delivered to plaintiff), is, in contemplation of law, fraudulent

and void as to creditors and subsequent purchasers ; but as between plaintiff and Goff, it was, and is, valid and effectual, and so if the jury believe, from the evidence, that the mortgage executed to Machette was without consideration, and intended only to save the property to Goff, or was executed without any indebtedness by Goff to Machette in fact existing, then the mortgage of Goff to plaintiff binds the property as against Machette, provided the mortgage to plaintiff was executed to secure a subsisting indebtedness of Goff to plaintiff.

3. If the jury believe, from the evidence, that there was, in truth, an indebtedness existing by Goff to Machette, at the time of the execution of the mortgage to Machette, then the fact, if it be a fact, that, at the time of the execution of the mortgage by Goff to Machette, Machette knew of the indebtedness, if any, of Goff to Wanless, and also knew that plaintiff's counsel was then preparing a mortgage from Goff to plaintiff, on the same property, and that Goff had promised to execute such mortgage, cuts no figure in this case.   If Goff was indebted to Machette, then Machette had the right to obtain security therefor, and to take precedence of any other creditor, if he could, and he is not chargeable with bad faith, by reason of any efforts to secure such precedence.

4. The jury are the sole judges of the credibility of the witnesses, and if they believe any witness, sworn in the cause, has willfully testified falsely to any material fact in the case they are at liberty to discard all of such witness' testimony, or any part thereof.

5. The jury will consider the evidence of the witness, Benedict, only for the purpose of determining the single question, whether Goff was, or was not, in truth, indebted to Machette at the time of the execution of the Machette mortgage.

6. Verbal admissions are the most unreliable of all testimony, and should be received, and acted upon by a jury, with caution.  The jury, in considering the admissions alleged to have been made by the defendant, to the witness

Gove, should also take into account the length of time which has elapsed since such admissions were alleged to have been made, the state of feeling, as to whether friendly or unfriendly, existing between said witness and the defendant, the probability, or improbability, in view of the witness' manner of testifying, and his interest or lack of interest in the matter of the conversation, assumed to be related by him, and his powers of memory, so far as these appear by his evidence ; and unless, in view of all these circumstances appearing in evidence, and which seem to the jury to afford a fair inference as to this, the jury believe that the admissions and statements testified to by said Gove, were made by Machette, and have been related by the witness, Gove, with substantial fidelity and truthfulness, then the jury should disregard the testimony of said Gove ; and the jury, in any event, should disregard the conclusions or impressions of said witness from the words of the defendant testified of by him, and confine themselves in considering the witness' testimony to what the defendant said at the time of the alleged admissions, drawing their own conclusions therefrom.

7. There is no evidence in the case to charge the defendant with the detention of any part of the goods and chattels in controversy, except that mentioned in the sheriff's return. Plaintiff declares against defendant for the detention of sundry bushels of barley more then were found by the sheriff, and as to this part of the barley not found by the sheriff, the jury are bound to find the defendant not guilty, however they may find as to the residue.

9. The jury are instructed, that if they find for the plaintiff, they will assess the plaintiff's damages by reason of the detention of the goods and chattels found to belong to plaintiff, at such sum as will amount to ten per cent per annum of the value of the grain so belonging to plaintiff at the time of the commencement of this suit.

The court also prepared, and submitted to the jury, a form of verdict to be used by them in case they found the

issue for the plaintiff; also a form to be used in case they found the issue for the defendant.

The jury found for the plaintiff, and there was a motion for new trial, in which the usual causes were assigned, that the verdict was against evidence, that the court erred in admitting and rejecting testimony, and in giving and refusing instructions, etc. This motion was overruled and defendants excepted.

Upon this appeal, error was assigned upon the ruling of the court, in respect to the motion for new trial, but there was nothing in the assignment of errors respecting the rulings of the court in admitting and rejecting testimony, except in the 6th and 9th assignments, which referred to the testimony of Mr. Benedict.

There was judgment for the plaintiff, and the defendant, Machette, appealed.

Messrs. CHARLES & ELBERT and Mr. A. C. PHELPS, for appellant.

Messrs. SAYRE & WRIGHT, for appellee.

HALLETT, C. J. It appears that one Goff executed to each of these parties a mortgage upon one-half of the crop growing on appellee's farm, and that appellant first obtained possession of the mortgaged property. Appellee brought this action to recover the possession, relying upon evidence to show that appellant's mortgage was given without consideration, and with intent to embarrass him in the collection of his debt. There was plenary proof that appellee's mortgage was given to secure a debt due from Goff to him, and the mortgage was regarded as being good against Goff alone, apparently upon the ground that the docket-entry, made by the justice who took the acknowledgment, is not conformable to the statute regulating such instruments. Counsel for appellant contend, that without a proper acknowledgment, and a full compliance with the statute in every particular, the instrument could not affect his right to the property, a proposition which is entirely correct.

But if appellant had no right or interest in the property, of course his possession must yield to any demand which would be good against the mortgagor. And this was the point to which the evidence was mainly directed, and to which the court directed the attention of the jury. If the fact is as the jury found it to be, that the mortgage to appellant was given without consideration, he cannot resist the demand of one who has acquired title from Goff, any more than he could resist the latter, if he had made no transfer of the property. Holding, without right, appellant is not protected by the statute, or otherwise, from any legal demand acquired from the true owner, with whom the law will identify his possession. In this view it is not a question whether either of the mortgages was duly acknowledged before the proper officer, and such entry made in the docket of the justice, as the law requires; for with the most careful observance of these provisions, appellant's mortgage must fail for want of a consideration, and appellee's mortgage, without any acknowledgment whatever, is good against Goff, and all who stood in his position. In reply to the suggestion that appellee was allowed to set up title in appellant, for the purpose of overthrowing it, thus anticipating the defense, and putting in at the opening of the case evidence which should have been withheld until the close, it is proper to say that this is a matter of practice with which a court of review will not interfere, unless it is seen that mischief has grown out of it. In the present instance appellant appears to have accepted the defense indicated by his adversary, and to have relied upon the mortgage which had been previously assailed. To overcome the presumption of ownership arising from possession by appellant, it was necessary that appellee should show a title overreaching that possession, and this he did by showing the prior possession and ownership of Goff, and the conveyance to himself. I do not see that he was then required to meet appellant's case, but his doing so is not, under the circumstances, an irregularity of which complaint can be made here. As to the legal operation and effect of these

mortgages, the charge of the court to the jury is unexceptionable, presenting the points in controversy, fully and explicitly. So, also, the refusal of the court to admit testimony to show that the mortgage to appellee was not acknowledged in the precinct where the mortgagor resided, was not erroneous in the view which was taken of that instrument. The mortgage was good against the maker without acknowledgment, and therefore the certificate was not in question.

In connection with this last question, and some others relating to the admissibility of testimony, which have been discussed, it is proper to remark that they are not presented in the assignment of errors. The pertinency and admissibility of Mr. Benedict's testimony is drawn in question by the ninth assignment of error, and also by the sixth assignment, referring to the charge of the court, and the sufficiency of the evidence to support the verdict is the subject of the first and second assignments. Beyond this there is nothing to present the exceptions taken to the rulings of the court upon the evidence. If it is claimed that these were presented in the motion for new trial, the assignment of error upon the ruling upon that motion cannot be regarded as raising all the points contained in the motion. The twelfth rule of this court requires that errors shall be separately alleged, and particularly specified, and the object of it will be entirely defeated, if parties are allowed to present numerous questions by means of a single specification, based upon the action of the district court, upon such motion. Again, a motion for new trial, properly considered, is directed to mistakes of the jury as to the facts, or in applying the law to the facts; and although points decided by the court, relating to the testimony, or the charge to the jury, are frequently set down in the motion as grounds for new trial, and the court will always embrace the opportunity to correct errors in such points which may have been made, yet they do not arise upon such motion. All questions relating to the admissibility of testimony, and the charge of the court to the jury, arise upon the

trial of the cause, and exception must be taken to the ruling of the court, upon all such questions, at the time it is made, in order to secure attention to them here. The fact that such questions are presented a second time, in the motion for new trial, does not enlarge or diminish the right of the party aggrieved to be heard upon them here. A fair construction of our twelfth rule demands that all exceptions of this nature shall be particularly referred to in the assignment of errors.

The conversation between Goff and appellant in the presence of Mr. Benedict is not within the rule which excludes communications made to an attorney for the purpose of obtaining his professional opinion. Advice was not sought from Mr. Benedict in relation to any matter, nor was the communication made to him with a view to consultation as to the rights of any one. He was simply asked to prepare a mortgage, and in doing so he acted as a scrivener merely. Disclosures of fact, made to him in that capacity, are not subject to the rule referred to. 1 Greenl. Ev., § 239, n. Again, it was not shown that Mr. Benedict was an attorney at law, of which there should be evidence, to give appellant the benefit of his exception. That the testimony of this witness was entirely pertinent in connection with the testimony of Gove, upon the question of indebtedness of Goff to appellant, is, I think, quite plain. The anxiety of the parties to have the instrument drawn, before the mortgage to appellee could be perfected, is shown, by the statement subsequently made by appellant to Gove, to have arisen from a desire to shield the property from the just demands of appellee. The significant statement made at that time, together with the statement to Gove, and the conduct of appellant and Goff just prior to the service of the writ, made a case upon which the jury might well conclude that the mortgage to appellant was without consideration. If we look to the sufficiency of the evidence to support the verdict, no doubt can be entertained upon the point. The jury were properly charged as to the weight to be attached to appellant's admissions, and if they chose to

accept such admissions in opposition to the testimony of H. Machette, they were at liberty to do so. The facts were for the jury, and their determination, upon conflicting evidence, should not be disturbed. As to the instruction that the jury may disregard the testimony of a witness who has sworn falsely as to any material fact, we think that the jury could not have been misled by it. The possession of the grain by appellant, at, and immediately before, the commencement of the suit, was not denied; and, indeed, all of the witnesses who testified upon the point, agreed in relation to it.

The threshing, by appellant, if paid for by him, gave him no lien upon the property, and is not material to the case. That the note and mortgage to appellant were *prima facie* evidence of indebtedness on the part of Goff to him, is quite true, but these instruments were assailed, upon the ground that they were without consideration, and the testimony of this witness was offered in support of them. The witness was asserting the validity of the mortgage and note, and they were involved in his testimony, and became a part of it. The point in issue was the validity of the instruments ; and while that issue was on trial, the instruments could not be invoked to support the testimony. To bring the presumption in favor of the instruments to the support of them, is not the corroboration which is contemplated by the rule under consideration. In respect to matters which were controverted, the testimony of this witness was not corroborated, and the case is within the principle of *Howard* v. *McDonald*, 46 Ill. 123.

The claim for damages for the detention of the property rests upon the statute, and the rule of computation adopted by the court is sanctioned by Mr. Sedgwick and numerous authorities. Sedg. on Dam.(5th ed.) 582. Where the property is domestic animals, valuable for service only, the value of the use of the animal is, of course, the measure of compensation; but where, as in this case, the article is intended for consumption, interest upon the value of it would seem to be the true compensation. If the owner of the grain

should wish to obtain the like quantity, he must purchase, in the market, at current rates, and he would be deprived of the use of the money thus invested. The best estimate of his loss, that can be made, is interest upon the amount of money which he would, for that purpose, be compelled to pay out.

It was entirely proper for the court to prescribe the form of the verdict to be rendered by the jury, and as they were told that it was merely a form, I do not see that it contained any suggestion as to what the finding should be. The court drew the form to be used in case the finding should be for appellant, as well as that to be used if the finding should be for appellee, and the suggestion was equally strong in favor of both parties. In addition to this, the jury were told that they were forms merely, and there were full instructions upon all the points in the case. Under such circumstances the instruction could not have had any influence upon the verdict of the jury.

If the appellant is entitled to his costs because of the failure of appellee to make out a case as to all of the property, described in the writ as claimed by his counsel, he should move the court below for judgment of that kind. The omission of the judgment in favor of appellant is not fatal to that which has been regularly and properly entered in favor of appellee. The cases cited by counsel are to the effect, that as to costs, cross-judgments shall be entered in favor of each party, and if one party has obtained his judgment, and the other has not, the remedy would appear to be plain. *Lansing* v. *Bates*, 11 Ill. 551.

The judgment of the district court is affirmed, with costs.

*Affirmed.*