Thomson, J.,
delivered the opinion of the court.
This action was brought to recover damages against the defendant company for its unauthorized appropriation and occupancy of the plaintiff’s land for the purposes of its railroad. Plaintiff had judgment for $916, from which the defendant prosecutes error to this court.
Aside from several specific denials in the answer, the defenses were that the cause of action did not accrue within six years before the suit was commenced, and that the defendant had been in the quiet and undisputed possession of the land, under claim and. color of title, made in good faith, for more than five successive years next preceding the time of the commencement of the action, and during that period had paid all taxes assessed against it.
There was evidence that the defendant took possession of the land in 1882, and this suit was brought in 1887. The six years limit of the statute had therefore not expired. The defense of five years possession and payment of taxes under color of title was not sustained. There was no proof or pretense of color of title upon the trial; and there was no evidence of payment of taxes upon the land taken. The only reference to the subject of taxes in the way of evidence was the following stipulation:
“ That the right of way for the defendant to go through the streets of Boulder was granted by the city of Boulder on the 11th day of July, 1881, and that said right of way has been regularly assessed and the taxes paid by the defendant each year since the road was constructed in 1881.”
The extent of this admission is that taxes upon the right of way through the streets of Boulder were assessed and paid. The land in question was not in or near Boulder, and the admission does not affect it.
There are forty-eight assignments of error, mostly directed to the admission of testimony, and the giving and refusing of instructions.
We find nothing in the court’s rulings upon objections to *191 testimony which would warrant us in reversing the judgment. The defendant requested instructions that the action was barred by the statute of limitations, and that the plaintiff was not entitled to recover. We think counsel will agree with us that these w^ere properly refused. The defendant also asked an instruction that the measure of damages was the actual cash or market value of the property taken, at the time it entered thereon. This is correct as far as it goes, but it was contained in the instructions given, which also authorized the jury to find the damages, if any, to the remainder of the tract, resulting from its occupation of this. The court declared the law correctly, and the refusal complained of was not error.
Another instruction, requested and refused, was that the preponderance of evidence in a case does not depend wholly upon the number of witnesses testifying to a particular fact, or state of facts; but that in determining upon which side the preponderance is, the opportunities of the witnesses for forming acquaintance with the facts concerning which they testify, their demeanor while testifying, their interest ox lack of interest in the result, and the probability or improbability of their statements, in the light of all the other evidence, and of the attending facts and circumstances, should be taken into consideration. ■
The doctrine of this proposed instruction is sound, and no valid objection to its allowance occurs to us. But we were never very strongly impressed with the importance of an instruction of that nature. It is based upon a theory in consonance with which men ordinarily reach their conclusions and regulate their actions in the affairs of life, without suggestion from others. A rule of that kind is applicable in matters of private business as well as in lawsuits. The common experience of men makes its utility apparent, and we think that in a trial of questions of fact it is more properly the subject of argument than of instruction. If there were no other ground of complaint than the refusal of this instruction, we should not feel justified in remanding the case.
The instructions given seem to have clearly and correctly *192 presented the questions involved, and declared the law applicable to the case, with one exception, which will now be considered. The court, among its other instructions, gave the following :
“If you find that anything was owing to the plaintiff for damages, the plaintiff is entitled to interest at eight per cent per annum since the time the damage accrued. This interest is to be computed by you so that your verdict will he for just one single amount.”
This instruction was erroneous. The right to interest, independent of an agreement to pay it, is statutory. It is not given by the common law. In this state there has always been a statute providing for interest, and enumerating the cases in which it might be allowed. The following are sections 1 and 2 of the act of March 22, 1889 :
“ The legal rate of interest on the forbearance or loan of any money when there is no agreement between the parties, as specified in section three of this act, shall he at the rate of eight per centum per annum.”
“ Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of eight per centum per annum, for all moneys after they become due, on any bond, bill, promissory note or other instrument of writing, or on any judgment recovered- before any court or magistrate authorized to enter up the same within this state, from the day of entering up said judgment until satisfaction thereof he made; also, on money due on mutual settlement of accounts from the date of such settlement on money due on account from the date when the same became due, and on money received to the use of another and retained without the owner’s knowledge.” Session Laws, 1889, p. 206.
The law in force prior to 1889 was the act of February 2, 1887, which, except that the rate allowed was ten per cent, and that interest might be recovered on money withheld by unreasonable and vexatious delay, was substantially the same as the foregoing. General Statutes, secs. 1706,1707. It will be seen that cases like this are not embraced in the list. There is no provision for interest upon damages resulting from the *193 wrongful taking of property; and without statutory authority it is not recoverable.
In R. R. Co. v. Conway, 8 Colo. 2, the supreme court said: “ Interest in this state is a creature of statute and regulated thereby. It is only recoverable, in the absence of contract, in the cases enumerated in the statute, and damages to property arising from the wrong or negligence of a defendant is not one of the enumerated cases.” See, also, Pettit v. Thalheimer, 3 Colo. App. 355.
In the case of the wrongful taking or detention of personal property, it has been held that interest on its value is a proper measure of the damages for the detention, where they cannot readily be fixed otherwise. But the recovery was allowed as damages, and not as interest, and the legal rate of interest was used as their measure, because the character of the property was such that there was no other practicable method of ascertaining their amount. Machette v. Wanless, 2 Colo. 169; Hanauer v. Bartels, 2 Colo. 514; Smelting & Refining Co. v. Tabor, 13 Colo. 41.
These decisions were not based upon the statute, and the statute did not figure in them, except in so far as the rate of interest which it allowed on money was used as a criterion by which the damages might be estimated; and the reasons given by the court for using that criterion make the decisions entirely inapplicable to a case like this.
We are bound to presume that the jury followed the instruction of the court, and that their verdict combined the amount in which they found the plaintiff to have been originally damaged with interest on the same at eight per cent per annum from the time of the taking in 1882 to the time of the trial in 1894; and that the verdict therefore exceeds what the plaintiff is entitled to under the law, by the amount of interest which it contains. The principal and interest are consolidated into one gross sum, and a separation of the two. is impossible.
The judgment must therefore be reversed.

Beversed.