## No. 13,741.

BELCOE *v.* HEFFELFINGER.

(50 P. [2d] 784)

Decided October 14, 1935. Rehearing denied November 4, 1935.

Mr. CARL J. SIGFRID, for plaintiff in error.

Mr. THOMAS HENRY RYAN, Mr. GEORGE H. SWERER, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as Belcoe,

defendant in error as Mrs. Heffelfinger, and one Irene Lewis as Mrs. Lewis.

The subject of this litigation is a picture, formerly the property of Mrs. Lewis. While it was in the possession of Belcoe replevin was brought by Mrs. Heffelfinger claiming title through purchase from Mrs. Lewis. On a verdict in her favor she had judgment for possession, or $1,975 value, plus $175 damages for detention. To review that judgment Belcoe prosecutes this writ and asks that it be made a supersedeas.

The principal assignments go to the giving of three instructions and the refusal of one; the admission and exclusion of certain evidence; and the award of damages. Underlying each, save the last, is an erroneous assumption as to what the record discloses. With this corrected little remains for consideration. A brief statement of facts is essential.

Belcoe loaned Mrs. Lewis $3,000, evidenced by a demand note secured by diamonds. Later she delivered to him the painting in question; he says as additional security; she says to sell on commission, or sell and apply proceeds, but under an express agreement to redeliver if, as here contended, she made a prior sale. While the picture was in Belcoe's hands unsold Mrs. Lewis made the alleged sale to Mrs. Heffelfinger and Belcoe refused to deliver. This action followed. Mrs. Heffelfinger bought with knowledge of Belcoe's possession, but denied knowledge that it was adverse, and on that question the evidence was conflicting. Belcoe did not sell the diamonds until after Mrs. Heffelfinger's alleged purchase of the picture, hence at that time he could not know of the deficit. This, it later developed, was approximately $700.

 Were Mrs. Heffelfinger's knowledge of Belcoe's adverse possession admitted it would not vitiate the sale. Personal property in the adverse possession of another· may be sold. 55 C. J., p. 66, §29. Of course the purchaser merely steps into the shoes of the seller and claims against the latter may be maintained against the former.

The fundamental error of counsel for Belcoe lies in his assumption, as stated in his brief, that the evidence established "beyond dispute" that at the time of the sale Mrs. Heffelfinger not only knew that Belcoe had possession of the picture but also knew that he "was claiming the painting and possession thereof as security for this loan." That is the very fact controverted in the pleadings, disputed in the evidence, fairly submitted by the instructions, and found by the jury against Belcoe. Aside from direct testimony there are many facts and circumstances disclosed by the record which throw doubt upon the correctness of that conclusion. But the question is not for us. In the light of it all the alleged errors save one are disposed of.

It is said there is no sufficient plea of damage. We cannot agree with that conclusion. It is said there is no evidence of damage. But there is evidence of the value of the property, of the sum which Mrs. Heffelfinger paid for it (which was less than one-fourth of the value found by the jury), and of the length of time it had been detained by Belcoe. Under such circumstances interest was a proper measure of damage. *Machette v. Wanless,* 2 Colo. 169; *Hanauer v. Bartels,* 2 Colo. 514. It is pointed out by counsel for Belcoe that on this theory the damages allowed are too small. If there be error here it is error in favor of Belcoe and of which he cannot complain.

The judgment is affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE YOUNG concur.