# APPENDIX.

## James M. Randel v. Thomas W. Yates et al.

1. PARTNERSHIP—PROOF OF, WHEN CONFLICTING—APPELLATE COURT.—It is not essential to the existence of a partnership that it be in writing, but may be proved otherwise; yet where the testimony in favor of, and against, the complainant seeking by his bill to establish a partnership, etc., is so conflicting as to leave it a matter of doubt, and the court below has decreed against him on the trial, the appellate court will not disturb the decree.

2. CHANCERY PRACTICE—EVIDENCE.—After final decree, the court cannot permit other and additional evidence to be filed and made a part of the record, whilst that decree is in force.

3. ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATIONS.—Every communication made by the client to his legal adviser, for the purpose of getting his professional aid and advice, is deemed confidential; but when an attorney is employed only as scrivener, to draft an instrument of a particular description, and no advice is sought, he may testify as to what occurs in relation to such transaction.

APPEAL from the chancery court of Lowndes county. FOOTE, Chancellor.

*Harrison & Crusoe* and *G. L. Potter*, for appellant.

*Beverly Matthews* and *Wiley P. Harris*, for appellees.

PEYTON, J.:

James M. Randel filed his bill of complaint in the chancery court of Lowndes county, against Thomas W. Yates and E. B. Mason, alleging that about the first of June, 1865, he formed a partnership with the said Thomas W. Yates, to carry on the livery stable business in the town of Columbus, in said county, and that the terms of said partnership were not reduced to writing, but that it was agreed between said parties that they should be equal partners, and that each should furnish an equal share of the stock, and both to give their exclusive personal services and attention to said business, and to divide equally between them the profits and losses of said business, which was known and carried on under the firm name of Randel & Yates. That the stock employed in said business consisted in part of horses, mules,

vehicles and wagons; and that in a short time after they engaged in said livery stable business, it was proposed by the said Yates that they should jointly become interested in the collecting, hauling and repacking cotton for the government of the United States, and that a portion of their joint stock should be used for that purpose. That as the agent of the government might have some objection to giving a contract of this kind to the complainant, as he had been an officer in the rebel army, it was understood and agreed by and between them that complainant's name was not to be publicly known in this business, but that he was to give his time and attention to the livery stable business, and that Yates was to give his time and attention to the said. cotton business, and that they would share equally in the livery stable business, and in that of collecting, hauling and packing the said government cotton. The complainant in the bill further alleges, that this agreement was fully canvassed by the parties, and that it was expressly agreed that the complainant was a partner of said Yates, both in hauling, collecting and repacking the government cotton, and in the livery stable business; but for the reason aforesaid, the said Yates should represent the firm of Randel & Yates. in the said cotton business, and the name of Yates should be used only, though, in fact, the complainant was a full partner of.said Yates, in both the livery stable and collecting, hauling and repacking the government cotton.

The complainant in his bill alleges that one Welden E. Hunt also became a partner, with the privilege of withdrawing from said firm at any time he chose, and that said Hunt had long since withdrawn from said firm of Randel & Yates, and has no interest in this suit, and that the said partnership of complainant and Yates has never at any time been dissolved.

And that the said Yates, after the formation of the partnership of Randel & Yates, as aforesaid, in June, 1865, representing the said firm, went forward, and in conjunction with the said E. B. Mason procured the contract of gathering, hauling and repacking the cotton claimed by the government of the United States in said county, the said Mason to have one-half of the profits, and Randel & Yates, in the name of Yates, to have the other half.

That there have been turned over to said Mason and Yates, and agreed to be so turned over to them, as pay for their collecting, hauling and repacking said cotton, by Harrison Johnston,

Randel *v.* Yates et al.

as government agent, five hundred bales of cotton, and that they have already a large portion of said cotton, and that they are shipping and disposing of the same, and the said Yates now denies that the complainant is entitled to any portion of said cotton or of the proceeds thereof.

And the complainant further alleges in the bill, that Yates admits that the said Mason and Yates, over and above expenses, have cleared in the business of collecting, hauling and repacking said cotton, two thousand bales thereof, and that in fraud of complainant's rights the said cotton is being disposed of and placed beyond the jurisdiction of this court, and prays that said partnership be dissolved and an account be taken of the business thereof, and that an injunction may issue restraining and enjoining said Yates and Mason from removing beyond the jurisdiction of this court five hundred bales of cotton so claimed by them, and that Yates be decreed to pay him the cotton and money that may be found due him on final hearing.

Yates, in his answer to the complainant's bill, admits the partnership in the livery stable business as stated in the bill, and that the terms of the same were not reduced to writing until the said Welden E. Hunt became a member thereof, but denies most positively that he was to give his services and attention to that business, alleging, as a reason, that they would be required almost exclusively in the business of collecting, hauling, repacking and preparing the government cotton in said county for shipment, and he denies that any partnership ever existed between the complainant and himself in collecting, hauling and repacking cotton for the United States government, or that any proposition was ever made to complainant to become a partner in said cotton business.

E. B. Mason, in his answer to the bill of complainant, states that he was aware that the said Randel and Yates had formed a partnership in the livery stable business at the place and about the time specified in complainant's bill, and that he knows nothing, of his own knowledge, of the terms of said partnership. That Yates and himself, having obtained from Harrison Johnston, agent of the treasury department of the government of the United States, a contract for the collection, hauling and repacking the government cotton in the county of Lowndes, carried on said business in partnership under the firm name of Mason & Yates,

upon terms of equality as to profit and loss, and he denies all knowledge of any partnership between the said Yates and complainant in the business of collecting, hauling and repacking government cotton. He admits that the said firm of Mason & Yates have collected in said county of Lowndes about ten thousand bales of cotton, of which they were entitled to one-fifth by the terms of their contract with the said Harrison Johnston as government agent.

Upon a final hearing of the cause on bill, answers, exhibits and proofs, the court dissolved the injunction and dismissed the bill. And from this decree the complainant appeals to this court, and makes the following assignment of errors:

1. In overruling the motion to exclude all evidence in relation to and overruling the written exceptions to pretended articles of partnership referred to in answer of Yates as exhibit No. 1.

2. In permitting the same to be used as evidence for any purpose. .

3. In overruling the exceptions to the deposition of A. E. Love.

4. In dismissing the complainant's bill upon the final hearing.

5. In order made after final decree, as to filing other and additional evidence, and in granting the motion in relation thereto.

This case has received a consideration commensurate with the magnitude of the cause and the interests involved. The testimony has been carefully examined and fully weighed; and it must be conceded that much of the great mass of testimony contained in this record is but little calculated to enlighten us upon the question, whether or not a partnership existed between the complainant and defendant, Yates, in collecting, hauling and repacking government cotton, upon which these parties are at issue, and which presents the main question in the cause for our determination.

In the view we take of this case, it is unnecessary to decide upon the propriety of the action of the court, made the subject of the first and second assignments of error, in admitting the written articles of partnership as to the livery stable business, to be read as evidence of that partnership, without being properly stamped.

It has been decided that the omission to affix a revenue stamp to an instrument requiring a stamp, will not invalidate the instrument unless such omission be with intent to defraud the gov-

Randel *v.* Yates et al.

ernment of the stamp duty. And where the omission to affix the stamp required by the statute of the United States was not by design or with intent to defraud the government of the revenue, and the omission has been supplied in the manner provided by the act of congress, the instrument is as valid as if stamped when made. Beebe v. Hutton, 47 Barb. 187; Vorebeck v. Roe, 50 ib. 302; Holyoke Machine Co. v. Franklin Paper Co., 97 Mass. 150. And it has been decided by the court of the last resort, in Pennsylvania, that as it is the duty of the party executing a voluntary instrument, to affix and cancel the stamp, upon his failure to do so, it would not be in his mouth to allege his own neglect in avoidance of the instrument. McGovern v. Hoesbeck, 53 Penn. 176.

The third assignment of error is, that the court below erred in overruling the exceptions to the deposition of A. E. Love. We think there was no error in this action of the court; that although Love was employed by the complainant as a scrivener to draw the articles of partnership between him and Yates in the livery stable business, he was not thereby rendered incompetent to testify to that fact and also to a fact not contained in those articles.

As a general rule, every communication which the client makes to his legal adviser, for the purpose of professional advice or aid upon the subject of his rights or liabilities, is to be deemed confidential. But privileged communications do not extend to one acting as a mere scrivener, although of the legal profession. 1 Greenl. Ev. (Redf. ed.) 270, § 239 *a.*

An attorney who is requested to prepare a deed or mortgage, no legal advice being required, is not privileged, and may testify as to what comes to his knowledge in connection with such transaction. And when the terms of a contract have been agreed upon between the parties, and an attorney is afterwards employed as a scrivener merely to reduce the contract to writing, and no inquiry is made of him as to its legal effect, communications made to him, while thus engaged, will not be regarded as privileged. Hatton v. Robinson, 14 Pick. 416; De Hoof v. Strader, 26 Ill. 225; Borum v. Fouts, 15 Ind. 50; Coon v. Swan, 30 Vt. 6.

The 5th assignment of error is well taken. The court, after a final decree, cannot legally authorize the filing of other and addi-

tional evidence in the cause, whilst that decree is in force and unreversed.

This brings us to the 4th assignment of error, which calls in question the final decree in this case ; and without any extended comments upon the testimony, which are always unpleasant in any case, and especially so in this, in view of the large array of witnesses on both sides, testifying in direct conflict with each other upon the main facts in the cause, we must be permitted to refer to that great motive and principle of human action, self-interest, which almost invariably influences the conduct of men in their transactions with each other.

Hunt, who became a partner with the complainant and Yates in the livery stable business, testified that he was an equal partner with them also in the business of collecting, hauling and repacking government cotton in Lowndes county, and whose wagons and teams did a large share of the hauling, and who drew out of the partnership, with the mere compensation for the hauling, at a time when the cotton transactions bid fair to enable those engaged in them to realize a large amount of money, without calling for or insisting upon his share of the profits of the said business. This conduct does not accord with the usual course of men who are ordinarily regardful of their own interest, and induces the belief that his interest in the business was limited to the hauling.

And the fact that the complainant must have known that Mason and Yates were receiving and shipping off as their own, large quantities of cotton, and thereby indicating a disposition to ignore his interest in that business, ought to have induced him to call upon them to account with him for his share of the profits of the partnership, and the fact of his not having done so until the filing of his bill of complaint, is a circumstance by no means calculated to augment the strength of his claim.

It is true, that the testimony on the part of complainant tends to prove that a partnership existed between him and Yates in the business of collecting, hauling and repacking government cotton ; but the countervailing proofs on the part of the defendants do certainly throw great doubts and uncertainties over the proofs on the other side, and lead us to the conclusion that there may have been some mistakes and misapprehensions

on the part of the complainant's witnesses as to admissions of Yates, to which some of them testify.

Although it is not essential to the validity of a partnership that it should be in writing, yet, as a matter of reasonable precaution, it should always be so ; and the fact that the partnership in the livery stable business was reduced to writing, and that in the more important business of the gathering, hauling and repacking government cotton, was not, but suffered to depend upon the frail memory of man, creates a presumption against the existence of the latter, more or less strong, according to the reason assigned for it.

In order to obtain the relief sought, it is incumbent upon the complainant to make out his case by the evidence, and having failed to do so, the court below did not err in dissolving the injunction and dismissing the complainant's bill.

The decree will therefore be affirmed.

BROWN, J., did not sit in this case.