## MONAGHAN BAY COMPANY v. DICKSON.

1. EVIDENCE—ADMISSIONS—THIRD PARTIES.—Where a mortgagor is on the witness stand subject to cross-examination, his testimony, taken under supplementary proceedings, to which the present plaintiff was not a party, is competent evidence for defendant only to the extent of impeaching his credibility as a witness.

2. ATTORNEY AS WITNESS.—An attorney who signs his name as a witness to the execution of a mortgage prepared by himself, may be called upon to testify as to what occurred at the time of such execution.

3. DECREE—SEPARATE FINDINGS.—The Circuit Judge should state his findings of fact and conclusions of law separately, but his omission to do so is not ground for reversal, where appellant has not been prejudiced.

4. FINDINGS OF FACT—MORTGAGE—FRAUD.—This court sustained the finding of fact by the Circuit Judge from written testimony, that a mortgage was not void for fraud under the Statute of Elizabeth, where it appears that the mortgagees were absent and innocent, the mortgage based upon a valuable consideration, and that an offer had been made by the mortgagor to non-accepting creditors to include them in this mortgage.

5. IBID.—IBID.—ASSIGNMENTS.—A mortgage, if substantially an assignment by an insolvent debtor, would be void under the assignment law by reason of its preference, but where it did not include the whole of the debtor's property, and secured debts payable *in futuro*, this court sustained the finding of the court below, that the mortgage was not tantamount to an assignment.

Before FRASER, J., Oconee, July, 1892.

Action by Monaghan Bay Company against John D. Dickson and others, commenced April, 1890. Defendants, judgment creditors of Dickson, appealed.

*Messrs. Perry & Heyward* and *Isaac M. Bryan,* for appellants.

*Messrs. Westmoreland & Haynsworth,* contra.

April 18, 1893. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. It appears that on April 18, 1890, the defendant, John D. Dickson, being embarrassed, and not able to pay all his creditors, some of whom were pressing for security, submitted a proposition as follows, viz: to pay thirty per cent. cash, and to execute a mortgage of his real estate to secure the remainder, to be due and payable, one-half on November 15, 1890, and the other half on February 15, 1891; that all the creditors (except Ab. Kirschman & Co. and Carroll, Adams & Co.) agreed to the proposition, and accordingly Dickson paid thirty per cent. to each of the accepting creditors, and executed a mortgage to secure the balances, payable as stated. The names of the different creditors were all set out in the mortgage, but as they were numerous, the mortgage was executed to J. H. Ligon, in trust for the different mortgagees. It was stipulated that Dickson was to remain in possession as the legal owner of the property until default of payment, &c. As stated, Ab. Kirschbaum & Co. and Carroll, Adams & Co. declined the arrangement, and sued their claims to judgment against Dickson.

Default having been made in payment of the debts secured by the mortgage, one of them, viz: "The Monaghan Bay Company," the plaintiff, for himself and the others covered by the mortgage, instituted this proceeding to foreclose the mortgage, making parties defendant the objecting creditors, who claimed to have liens upon the property mortgaged; and they answering, charged that the alleged mortgage was void under the assignment law, for giving an illegal preference amongst creditors, and also as to creditors fraudulent and void under the statute of Elizabeth. So that it may simplify the issue to regard the objecting creditors as the real actors, seeking to set aside the aforesaid mortgage upon the grounds indicated.

The master, under order, took the testimony, and the case came on to be tried by his honor, Judge Fraser, who held upon the two grounds taken as follows: "*First.* I do not see in this case on the part of John D. Dickson, the mortgagor, or any of

the creditors secured by the mortgage, any attempt to delay, hinder or defeat any other creditors. It was a *bona fide* transaction for a sufficient consideration to rearrange and secure certain debts, giving time for the payment. It was the fault of Ab. Kirschbaum & Co. and Carroll, Adams & Co. that they were not provided for in the mortgage. I do not think the mortgage is void for fraud. *Second.* This mortgage is certainly not in form an assignment. I do not see any transaction after the execution of the mortgage, or at or before its date, which taken with its covenant, what I have held above to be a *bona fide* security for a debt, or a sufficient consideration. (a new one), make an assignment. The testimony shows that there was considerable personal property owned by the mortgagor, and not included in the mortgage. Besides this, the mortgage is in the usual form, the equity of redemption remaining in the mortgagor and now subject to the lien of the judgments. There is now under the control of the receiver approved by this court certain rents not covered by the mortgage. I am not able to see that the mortgage is void under the provisions of our statutes in reference to assignments by insolvent debtors," &c. The judge ordered the mortgage foreclosed and the lands covered by it sold and the proceeds applied.

From this decree the defendants, Ab. Kirschbaum & Co. and Carroll, Adams & Co., appeal to this court upon various exceptions, which are all printed in the record.

Exceptions 1 and 3 complain that it was error for the judge to hold that the testimony given by the defendant Dickson in another case (a supplementary proceeding), after the date of the mortgage, was competent against the plaintiff only to the extent of impeaching his own credibility as a witness in this case, by asking him what he said on the occasion referred to, &c. Dickson was on the stand in this case, and he might have been examined as to all matters covered by the excluded evidence.

Exception 2 complains of error in holding that the testimony of Mr. Haynsworth "as to the consideration on which the notes secured by the mortgage were based, and the circumstances attending the execution of the mortgage, was

competent as tending to show good faith and a sufficient consideration," &c. Mr. Haynsworth drew the mortgage and signed it as a witness, and that entitled him to state what occurred at the time of its execution. *Spencer* v. *Bedford*, 4 Strob., 96; *Moffatt* v. *Hardin*, 22 S. C., 26, and cases there cited.

Exception 6 complains that it was error in the Circuit Judge not to find the conclusions of law and of fact separately. It has been repeatedly held by this court that the omission to do so is not good ground for reversal, unless it is made to appear that the appellant has suffered prejudice thereby, as to the merits of the case, which was not done in this case. We think, however, that the practice is a good one, as tending to prevent confusion and to promote clearness. See *Briggs* v. *Briggs*, 24 S. C., 379, and authorities cited.

All the other exceptions in different form charge error on the part of the Circuit Judge in his findings of fact and rulings of law. (1) As to the allegation that the mortgage is void for fraud. The judge found that, as a matter of fact, it was a *bona fide* transaction for a sufficient consideration to rearrange and secure certain debts, giving time for the payment, &c. The rule of this court as to the findings of the Circuit Judge is well known. We can not say that this finding is unsustained by the testimony. In order to make out a case of actual fraud, so as to set aside a mortgage, it is necessary to show concurrence in the fraudulent act by the mortgagee as well as by the mortgagor. There was here no proof of combination with the mortgagees, for most of them were not present, and had nothing to do with procuring the execution of the mortgage. But did the mortgagor himself *intend to defeat, delay or hinder* the other creditors, further than was the incidental effect of securing those who had accepted his proposition? There is no evidence to that import, for the debtor, before executing the mortgage, gave the appellants notice of the proposed arrangement, which they declined. Suppose Dickson, instead of including a number of creditors in the mortgage, had executed it to *one single creditor*, can there be any doubt that, under our decisions, it would have been sustained? "Where a mortgage is based upon a valuable consideration, and is not taken

for the purpose of hindering, defeating and delaying the other creditors, it is not void under the statute of Elizabeth, even though the mortgagor is insolvent, and the mortgage embraces all the debtor's visible property," &c.   *Magovern* v. *Richard*, 27 S. C., 272.   This being so as to a mortgage to secure a *single creditor*, we can not see why the same reason should not apply to a mortgage to secure *pro rata* a *number of creditors*, only with increased force.   (2) But it is contended that the mortgage is really *an assignment* for the benefit of creditors, and as such is void for giving preference to some creditors over others.

If the paper must be construed as substantially an assignment, it is very clear that it would be void, as in violation of the inhibition in our assignment law against preferences.   But the question lying back of that is, whether it is an assignment for the benefit of creditors, in the sense of the act.   As was said in the case of *Verner* v. *McGhee*, 26 S. C., 250: "As we conceive, the assignment act has no application, unless there is an actual assignment, or a state of facts fully proved, which in conscience and equity are tantamount to an assignment with unlawful preference."   This paper here is not in form an assignment, but a mortgage.   And the question, therefore, is whether a state of facts has been shown which, in conscience and equity, are tantamount to an assignment.   Upon this subject the Circuit Judge held that the mortgage was not tantamount to an assignment, and void under the provisions of our statutes in reference to assignments by insolvent debtors, and decreed foreclosure in favor of the mortgagees.   The finding of the court below upon a question of fact will not be disturbed unless it is against the weight of the evidence.   The mortgage did not include the whole of the debtor's property, nor did it accomplish the leading purpose of an assignment, which is to transfer *the title* to the estate; but the debtor stipulated to "retain and enjoy the said premises as his own until default of payment should be made," as in the case of a mortgage given as a security.   We can not say that the finding of the Circuit Judge was error.   "An ordinary mortgage executed by an insolvent debtor, with intent to secure and prefer one creditor over others, and covering a large portion of his pro-

perty, is not void under the assignment act." *Magovern* v. *Richard,* 27 S. C., 272.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.