[L. A. No. 5521. In Bank.—November 12, 1920.]

## ZEPHIR F. COLLETTE, Respondent, v. HYACINTHE SARRASIN, Appellant.

[1] ATTORNEY AND CLIENT—EXECUTION OF DEED—EVIDENCE—TESTIMONY OF ATTORNEY.—In an action to have a deed declared to be a mortgage, the fact that the attorney who drew the deed had drawn a will for the grantor two years previous and retained it in his possession did not, of itself, establish the relation of attorney and client at the time of the making of the deed so as to make the testimony of the attorney concerning the transaction

---

1. Communication with attorney before employment as privileged, note, 21 Ann. Cas. 217.

Communications between attorney and client in regard to testamentary matters as privileged, notes, 14 Ann. Cas. 601; Ann. Cas. 1912A, 839; Ann. Cas. 1916C, 1073.

Privileged communications between attorney and client, notes, Ann. Cas. 1913A, 3; Ann. Cas. 1916E, 335.

privileged under subdivision 2 of section 1881 of the Code of Civil Procedure.

[2] ID.—DRAWING OF DEED BY ATTORNEY — WHEN COMMUNICATIONS NOT PRIVILEGED.—Where an attorney at law acted as a mere scrivener in drawing a deed and the grantor asked no advice concerning it and solicited no service from the attorney other than the delivery of the deed, the communications in that connection were not privileged.

[3] ID.—COMMUNICATION DIRECTED TO GRANTEE NOT PRIVILEGED.— Where the relationship of attorney and client exists between the attorney and the grantor of a deed and the latter directs a communication to be imparted to the grantee, the communication is not privileged.

[4] ID.—INSTRUCTIONS GIVEN BY CLIENT NOT PRIVILEGED.—Where the communication between the client and attorney is one authorizing the attorney to perform some act on behalf of the client, the communication giving such authority is not a confidential communication by the client, and the attorney may testify to the instructions given to him.

[5] ID.—EXISTENCE OF RELATIONSHIP—BURDEN OF PROOF.—The question as to whether or not an attorney is acting in the capacity of an attorney and the communications to him privileged is to be determined with relation to the particular transaction involved in the inquiry, and the burden of showing such relationship is on the party objecting to the evidence.

[6] ID.—TESTIMONY OF ATTORNEY AS TO RELATIONSHIP.—Where an objection is made to the testimony of an attorney on the ground of privileged communication, it is proper to ask him whether or not with relation to the transaction under inquiry he was acting as attorney for the party making the statements sought to be elicited.

[7] ID.—ADMISSIBILITY OF PRIVILEGED COMMUNICATION — WAIVER BY CLIENT ESSENTIAL.—The mere fact that both parties claim under a deceased grantor does not make communications between the grantor and the attorney who drew the deed admissible, since the privilege must be directly or inferentially waived by the client.

[8] DEED—ACTION TO DECLARE MORTGAGE—PLEADING—PARTIES—RIGHT OF HEIR OF DECEASED GRANTOR.—In view of section 1452 of the Code of Civil Procedure, the heirs of a deceased grantor may maintain an action to have a deed executed by him declared to be a mortgage, and the court has the right to determine in such action whether the plaintiff is an heir.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

Emmet H. Wilson, G. C. De Garmo and J. Wiseman Macdonald for Appellant.

Oscar Lawler and James E. Degnan for Respondent.

WILBUR, J.—This action is brought by the plaintiff, the father and sole heir of Clifford Collette, to have a grant deed from the latter to the defendant, his uncle, declared to be a mortgage. The judgment was in favor of the plaintiff and defendant appeals. The appellant claims that the property was conveyed to him as a gift. When eight years of age Clifford was brought to California by the defendant and was reared by the uncle, who, when Clifford was twenty-three years old, purchased the land here involved, each taking title to an undivided one-half thereof. Afterward defendant conveyed his half to the nephew Clifford and took a mortgage for five thousand dollars on the property. Defendant advanced about four thousand dollars additional to Clifford, and the property had appreciated in value until at the time of the death of the latter it was worth about twenty-eight thousand dollars. About two weeks before his death Clifford executed the deed in question. The defendant testified that Clifford gave him an old deed containing a description of the property and requested him to take it to Emmet H. Wilson, an attorney at law, and have a deed drawn conveying the property to defendant, stating that he would later go to the office and execute it. This was done. The next day the deed was delivered to defendant by the stenographer in Wilson's office. Defendant denied that the deed was given to him as security. Mr. Wilson was called to the stand by the defendant. Because of plaintiff's objection that the matter sought to be elicited from this witness was privileged, he was only permitted to testify to the following effect: That he was an attorney at law; that he was acquainted with the parties to this action, and with Clifford Collette; that he became acquainted with the latter in 1910, and in June, 1912, drew a will which he executed; that he kept the will in his safe at his request until March 2, 1916, at which time he returned it to him. The trial court rigidly adhered to the ruling that upon this state of the case everything said and

done between Mr. Wilson and the deceased was privileged, and therefore sustained objections to every attempted offer of proof, and to every question asked which sought to elicit any additional evidence, and declined to permit defendant's counsel to make any offer of proof, or to state what they expected to prove by the witness. Inasmuch as the deed was delivered by Mr. Wilson to the grantee, it must follow that such delivery was in accordance with the instructions of the grantor, unless we infer that such delivery was unauthorized. Under the rulings of the court, the instructions given by the deceased with relation to the deed were not admitted in evidence. Whether such delivery was authorized, and whether in connection with the delivery of the deed Mr. Wilson was either authorized or directed by the deceased to make any statement or representation as to its purpose or effect, or to make any request or to give any instructions with reference to the property, is not known because of the rulings of the court excluding such evidence. Plaintiff's objection was not well taken unless the relation of attorney and client existed between the witness and the deceased. (Code Civ. Proc., sec. 1881, subd. 2.) [1] The fact that Mr. Wilson had drawn a will two years before and retained possession thereof did not establish the relation of attorney and client with reference to the transaction concerning the deed. The only conversation with reference to the drafting of the deed, so far as we know, was the conversation with the defendant. The record leaves us wholly in the dark as to whether anything occurred between the witness and the deceased at the time the latter signed the deed, which would establish the relation of attorney and client. [2] If Mr. Wilson acted as a mere scrivener in drawing the deed and if the deceased asked no advice concerning it and solicited no service from the attorney other than the delivery of the deed, it is clear that communications in that connection were not privileged, for the reason that the relation of attorney and client in the matter inquired about is not established and did not exist. (*Gulick* v. *Gulick*, 38 N. J. Eq. 402; *Hatton* v. *Robinson*, 31 Mass. (11 Pick.) 416, [25 Am. Dec. 415]; *De Wolf* v. *Strader*, 26 Ill. 225, [79 Am. Dec. 371]; *Borum* v. *Fouts*, 15 Ind. 50; *Grimshaw* v. *Kent*, 67 Kan. 463, [73 Pac. 92]; *Randel* v. *Yates*, 48 Miss. 685; *Todd* v. *Munson*, 53 Conn. 579, [4 Atl. 99]; *Branden* v. *Gowing*, 7 Rich. (S. C.) 459; *Carroll* v.

*Sprague,* 59 Cal. 655; *Delger* v. *Jacobs,* 19 Cal. App. 197, [125 Pac. 258]; *Smith* v. *Caldwell,* 22 Mont. 331, [56 Pac. 590]; *Machette* v. *Wanless,* 2 Colo. 169; *Monaghan Bay Co.* v. *Dickson,* 39 S. C. 146, [39 Am. St. Rep. 704, 17 S. E. 696]; *Aultman & Co.* v. *Daggs,* 50 Mo. App. 280.) **[3]** If the deceased made any communication to Mr. Wilson and if the relation of attorney and client existed, if that communication was directed by the client to be communicated to the grantee in the deed the communication was not privileged. (*Rousseau* v. *Bleau,* 131 N. Y. 177, [27 Am. St. Rep. 578, 30 N. E. 52]; *Koeber* v. *Somers,* 108 Wis. 497, [52 L. R. A. 512, 84 N. W. 991]; *Hermann* v. *Schlesinger,* 114 Wis. 382, [91 Am. St. Rep. 922, 90 N. W. 460]; *Estate of Nelson,* 132 Cal. 182, [64 Pac. 294].) **[4]** Where the communication between the client and attorney is one authorizing the attorney to perform some act on behalf of the client, the communication giving such authority is not a confidential communication by the client, and the attorney may testify to the instructions given to him. (*Burnside* v. *Terry,* 51 Ga. 186; *Williams* v. *Blumenthal,* 27 Wash. 24, [67 Pac. 393]; *Bruce* v. *Osgood,* 113 Ind. 360, [14 N. E. 563].) The defendant was not even permitted to state to the court what he intended to prove by the witness, or the nature of the evidence sought to be elicited. The witness was asked the following questions, to wit:

"Did you have any conversation with Mr. Collette about the deed at the time the deed was prepared? Was there any conversation between you and Mr. Collette at the time the deed was prepared as to the legal effect of it? Did Mr. Collette say anything to you as to why he was having the deed prepared? Did Mr. Collette ask you any questions or any advice or seek from you any advice concerning this deed? Did he say anything about what he intended to do with the deed, or what he wanted to have done with the deed when it was prepared?

To all these questions objection was sustained upon the ground that the matter sought to be elicited was privileged. Defendant's attorney failing to elicit any information by question, attempted to make an offer of proof. The making of the offer was objected to and the court sustained the objection. The colloquy in part was as follows:

"Mr. De Garmo.—We offer to show at this time, your honor, by this witness, that at the time the deed was prepared Mr. Collette told Mr. Wilson—

"Mr. Lawler.—I think that is even highly improper."

After a somewhat acrimonious discussion by counsel, the following occurred:

"Mr. De Garmo.—My contention of the proper way to do where the evidence sought to be elicited could not be ascertained by the question to offer—

"The Court.—I don't.

"Mr. De Garmo.—For instance, your honor, if he had consulted him relative to the effect of this will and this deed, then surely it is a privileged communication. Now, how does the question which I put to the witness indicate whether it is a privileged communication or not?

"The Court.—Why, the circumstances fix that.

"Mr. De Garmo.— Not necessarily.

"The Court.—Well, presumably.

"Mr. De Garmo.—I don't know of any other way of showing it.

"The Court.—I don't think there is any other way.

"Mr. De Garmo.—Whether this is a privileged communication according to the theory—

"The Court.—I am drawing the line right here."

The court then stated that it was ruling thus "because it was shown that right up to the time that he called there, and as a part of that transaction, Mr. Wilson had retained his confidence as an attorney, and acted as custodian of his will and the relation had not been severed." It is manifest that if an attorney has drawn a will for a client and retained possession of it at the client's request, this fact alone would not constitute him an attorney as to every communication to him made after the execution of the will. **[5]** The question as to whether or not he was acting in the capacity of an attorney and the communications to him were privileged must be determined with relation to the particular transaction involved in the inquiry, and the burden of showing such relationship is on the party objecting to the evidence. Respondent claims that the offer of proof was particularly objectionable because the effect of the offer would be to reveal the very matter that was privileged. If this contention be upheld it is obvious that counsel are thereby precluded from

showing or offering to show that the particular conversation or communication was within any of the well-recognized exceptions to the rule excluding privileged communications, and would be also prevented from offering any proof as to whether or not the witness was in fact acting as an attorney. It is true that an offer of testimony which incorporated privileged communications of such a character that it would reflect upon the client, if proved in evidence, might be nearly as objectionable as the proof itself, but something should be left to the judgment of the attorney making the offer and to the witness, who, of course, is aware of his obligations as an attorney. [6] It is proper to ask the attorney whether or not with relation to the transaction under inquiry he was acting as the attorney for the person making the statements. If either of the parties are not satisfied with the answer of the witness, the dissatisfied party can ask such questions as are essential to enable the court to determine whether or not the relationship existed. If the relationship is established to the satisfaction of the court, it remains to be determined whether or not the communication was of such a character as comes within any of the exceptions to the rule concerning communications between attorney and client. The burden of showing that the confidential relation existed was upon the respondent. The showing made being insufficient for that purpose, the rulings excluding the testimony were for that reason erroneous and the judgment must be reversed. Our opinion follows that of the district court of appeal, and we were satisfied with its conclusions. A transfer to this court was made because it was thought the exception to the rule of privilege was too broadly stated. We have, therefore, indicated the length to which we think the rule extends in the present case. [7] The mere fact that both parties claim under the deceased does not, in our opinion, make the communication admissible, for under our code (sec. 1881, Code Civ. Proc.) the privileged communication cannot be received unless that privilege is directly or inferentially waived by the client.

[8] In view of a new trial it is proper to say that the contention of the appellant that the heir of the intestate could not maintain the action and that the trial court could not in this action determine the heirship of plaintiff is not well taken. The heirs of the deceased were expressly author-

ized to bring suit for the possession of real estate, or for the purpose of quieting title to the same. (Code Civ. Proc., sec. 1452.) The decree sought was, in effect, both to quiet title to the land against defendant's claim of ownership and to establish a right to possession, subject to the rights of the administrator of the estate, and it was proper and necessary in the case to determine whether or not the plaintiff was an heir or devisee and thus entitled to bring the suit. We think it unnecessary to pass upon any other point presented by the appellant, as the rules of evidence with relation thereto are well settled.

The judgment is reversed.

Lennon, J., Sloane, J., Olney, J., Shaw, J., Lawlor, J., and Angellotti, C. J., concurred.