Lowell LYONS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18424.

United States Court of Appeals Ninth Circuit.

Nov. 20, 1963.

Rehearing Denied Jan. 2, 1964.

Lowell Lyons, Artesia, Cal., in pro. per. for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section; and John A. Mitchell, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and BROWNING, Circuit Judges, and MacBRIDE, District Judge.

MacBRIDE, District Judge.

Appellant was convicted, under 18 U. S.C. §§ 1001 and 2, of knowingly and wilfully causing materially false statements to be made to the Bankruptcy Court, a government agency.

The indictment charged: Appellant caused Raymond Steven Milcherska, a petitioner in bankruptcy, to state, in a petition submitted by him to the Bankruptcy Court, "No money has been paid by petitioner (Milcherska) or any other person on his behalf to an attorney at law for any services in connection with the proceedings in bankruptcy." Appellant also caused Milcherska to include the following statement in a pleading entitled "Debtor's Petitioner—Schedule B–4—Attorney's Fee," which also was submitted by him to the Bankruptcy Court: "Sum or sums paid to counsel, and to whom, for filing fees or costs and for services rendered in this bankruptcy—NONE." Appellant caused Glenn Scott Watkins, also a petitioner in bankruptcy, to make substantially the same statements to the Bankruptcy Court. The statements made by Milcherska and Watkins were false, and appellant knew them to be false.

In attacking the conviction on this appeal, appellant raises several points. These will be dealt with separately below.

1. Appellant seeks to assign as error portions of the trial court's charge to the jury and the omission therefrom of appellant's requested instructions.

The record shows that appellant had ample opportunity to object to the charge before the jury retired, but did not do so. Before giving the charge, the judge stated to the attorneys: [1]

" * * * I will instruct the jury. Of course, you are mindful of the provisions of Rule 30, both of them. If either side has any objection to any of the instructions given —I will turn to you both, after I have finished the instructions, and ask if either of you have anything you wish to take up before the jury retires, and if either of you indicate you have, then I will excuse the jury and hear you.

"Otherwise, if you say you are both satisfied to have the case submitted, I will go ahead and submit it to the jury. * * * "

Subsequently, this exchange took place between the judge and appellant's attorney, Mr. Arthur: [2]

"Mr. Arthur: * * * I would like to ask the court if the court has considered giving the defendant's instructions. * * *

"The Court: They were just brought in to me * * * I won't give them in that form, but I suspect that you will find the substance of them. If you wish to make any objection to the failure to instruct, of course, you will do that after I complete the instruction.

"Mr. Arthur: Yes, Your Honor."

After the charge had been given, but before the jury retired, the following occurred: [3]

"(The Court:) Now, are there any matters which counsel for the Government wishes to take up before the jury retires?

---

1. Reporter's Transcript, 183.

2. Id. at 220–221.

3. Id. at 252.

"Mr. Murphy: The Government has no matter to take up with the court.

"Mr. Arthur: The defense has no matter to take up with the court.

"The Court: Are you both satisfied, gentlemen, to have the matter submitted now?

"Mr. Arthur: Yes, sir.

"Mr. Murphy: Yes, sir."

Rule 30 of the Federal Rules of Criminal Procedure provides that "(n)o party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The policies underlying this rule were explained as follows in Herzog v. United States, 226 F.2d 561, 570 (9th Cir. 1955), aff'd 235 F.2d 664 (9th Cir. 1956):

"Every experienced member of the Bench and Bar knows that there are counselors who are very adept at sowing error in the record to provide an 'ace in the hole' for reversal on appeal in the event of an adverse verdict of the jury. The trial judge does not have an opportunity to scrutinize the proposed jury instructions at his leisure. Ordinarily the trial is delayed and the jury remains at recess while the judge settles the instructions with counsel after each party has submitted several dozen instructions. The attention of the court is engaged in the consideration of those instructions which are questioned by counsel with time for only a cursory examination of the instructions which are agreed upon by both parties. This would be a very fertile field for sowing error if a defendant were permitted to assign as error a charge in which he acquiesced. Rule 30 is designed to impede such tactics * * *."

These policies have particular pertinence in a case such as this, where the judge specifically directed the attention of the attorneys to Rule 30.[4]

■ It is true that Rule 30 is subject to an exception, based on Rule 52(b) of the Federal Rules of Criminal Procedure, which allows an appellate court to notice "[p]lain errors or defects affecting substantial rights," even though they were not properly brought to the attention of the trial court. Herzog v. United States, 235 F.2d 664 (9th Cir. 1956) (on rehearing), original opinion 226 F.2d 561 (9th Cir. 1955). United States v. Balodimas, 177 F.2d 485 (7th Cir. 1949). Madsen v. United States, 165 F.2d 507 (10th Cir. 1947). However, as was stated in Herzog v. United States, supra, 667 (on rehearing):

"This court has not gone overboard in its application of Rule 52 (b) to situations such as here presented, and it does not propose to do so now. In the great bulk of the cases in which counsel have sought to have us consider claims of error in instructions not objected to at the trial we have declined to do so. More than once we have stressed the salutary nature of Rule 30 and the vitally important part it plays in the administration of justice. Thus in Enriquez v. United States, 9 Cir., 188 F.2d 313, at page 316, we remarked that Rule 30 'is not designed as a mere trap for the unwary. Painstaking compliance with its requirements, although not an easy matter for the lawyer, is of the very essence of the orderly administration of criminal justice.' But, in common with the generality of the circuits, we recognize that the Rule does not debar us from noticing of our own motion error in instructions thought to have resulted in a miscarriage of justice."

Having examined the charge given in this case, we can state, for the most part without discussion, that no plain error

4. See fn. 1, supra.

or defect affecting substantial rights appears therein.

■ There is, however, one portion of the charge which deserves special consideration on this appeal. During the charge, the trial court stated:[5]

"Now, as I told you yesterday, I believe that the defendant says that he was admitted to the bar of California and later suspended from practicing, *so I instruct you that he is an attorney at law within the meaning of this section and within the meaning of the term as it is used in the forms which are set forth in the indictment.*" (Emphasis added.)

Did the inclusion of this instruction in the charge constitute plain, reversible error?

Clearly the instruction assumed an important fact material to appellant's conviction. Appellant was charged with knowingly and wilfully causing materially false statements to be made to the Bankruptcy Court. To prove the offense charged, the Government had to establish, first of all, that the statements which appellant allegedly caused to be made were false. As has been indicated above, the indictment charged that appellant caused Raymond Steven Milcherska and Glenn Scott Watkins, two petitioners in bankruptcy, to state that they had paid no money to an attorney at law in connection with the proceedings in bankruptcy. Milcherska and Watkins testified, and the testimony is not dis-

puted, that they paid money to appellant for the preparation of petitions and schedules in connection with the bankruptcy proceedings referred to in the indictment. Thus, if appellant was an attorney at law at the times he was paid the money, the statements in question were false. Consequently, whether appellant was an attorney at law at such times was an important question bearing on the element of falsity.[6]

■■ During most of the trial, there was uncertainty concerning this question. Appellant testified that he was admitted to the practice of law in California "about ten years ago."[7] He further testified that subsequently, but prior to the times here relevant, he was convicted of a felony and the conviction was affirmed by the California Supreme Court. If, as a result of the conviction, appellant was disbarred, he was not an attorney at law at the times in question. California Business and Professions Code § 6117. On the other hand, if he was merely suspended, he was still an attorney at law, though he could not legally practice until the expiration of the period of suspension. Friday v. State Bar of California, 23 Cal.2d 501, 144 P.2d 564 (1953). Appellant expressed uncertainty as to the effect of the felony conviction on his professional status;[8] and his testimony on this point was not free from doubt.[9]

Nevertheless, in response to the trial court's question, "You are not disbarred, are you?", appellant did specifically state,

5. Id. at 243.

6. In view of the language and apparent purpose of the statements, it is clear that the question was not whether appellant was "practicing law" or performing "legal services." Instead, the question was, what was appellant's professional status as a matter of law. The statements refer to money paid to an attorney at law for "any services in connection with the proceedings in bankruptcy" and to attorney's fees and sums paid to counsel.

7. Reporter's Transcript, 151.

8. We note that the trial court properly instructed the jury that it might consider

appellant's testimony as to his belief and his uncertainty in determining whether he had the state of mind required for the crime charged. Reporter's Transcript, 243–244.

9. Id. at 169 and 171–172. On this appeal, appellant contends that because the conviction was affirmed, he must have been disbarred and not merely suspended; he relies on California Business and Professions Code § 6102. Such reliance is misplaced. Under that section, he might have been either disbarred or suspended. Calif.Business and Professions Code § 6102 (West 1962).

"No, I am not disbarred. I am suspended from practice."[10] Furthermore, careful examination of the record reveals that though the question of appellant's professional status was unsettled during most of the trial, by the time the jury was charged, it was admitted that appellant was merely suspended at the times here relevant, and the question was no longer in controversy. We note that before charging the jury, and out of the presence of the jury, the judge advised the parties that he would instruct that appellant was a suspended attorney. This prompted a discussion among the judge and the attorneys, during which appellant sought and received the court's permission to subpoena Mr. Malone, an official of the California State Bar, to clarify appellant's professional status. But when the judge stated that he would give what Mr. Arthur apparently considered to be a favorable instruction on the state of mind required to convict appellant, Mr. Arthur abandoned his plan, stating that, in view of the court's willingness to give such an instruction, he did not feel it would be necessary to subpoena Mr. Malone and, impliedly, that he did not object to the proposed instruction characterizing appellant as a suspended attorney.[11]

Thus, appellant, through his attorney, impliedly consented to the proposed instruction concerning his professional status. This implied consent, when considered together with his failure to object to, and apparent acquiescence in, the instruction, when it was actually given, shows that ultimately appellant's status as a suspended attorney was an admitted and uncontroverted fact.

■ Although an instruction which assumes a fact which is in issue is prejudicially erroneous, Roe v. United States, 287 F.2d 435 (5th Cir. 1961), Carothers

v. United States, 161 F.2d 718 (5th Cir. 1947), an instruction, such as the one given here, which assumes an admitted or uncontroverted fact, is not reversible error. Malone v. United States, 238 F.2d 851 (6th Cir. 1956). United States v. Jonikas, 197 F.2d 675 (7th Cir. 1952), cert. denied 344 U.S. 877, 73 S.Ct. 171, 97 L.Ed. 679. Nordgren v. United States, 181 F.2d 718 (C.A.9, 1950).

■ Moreover, in the course of its instructions, the trial court several times advised the jury that it is the sole judge of the weight of the evidence and the credibility of witnesses. Such an instruction would not cure a prejudicial error in a charge, United States v. Gollin, 166 F.2d 123 (3rd Cir. 1948), cert. denied 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151; but in a case such as this, it lends support to the conclusion that there was no "miscarriage of justice." Herzog v. United States, supra, 667 (on rehearing).

In view of the foregoing, we hold that the trial court did not commit plain or reversible error in including the instruction set out above in its charge to the jury.

■ 2. During the course of the trial, the judge stated to the jury that the preparation of bankruptcy petitions and schedules by appellant was the practice of law; appellant contends that this was error.

If the statement was error,[12] it was harmless error.[13] The question was not whether, as an abstract matter, appellant was "practicing law," but whether he was an attorney at law and, if so, whether Milcherska and Watkins paid him money for any services in connection with the bankruptcy proceedings referred to in the indictment.[14]

■ 3. The trial court denied appellant's motion, under 28 U.S.C. § 144,

10. Id. at 169–170.

11. Id. at 179–182.

12. Cf. generally 6 Remington, Bankruptcy, §§ 2684 et seq. (5th ed. 1952). Compare Associated Indemnity Corporation v. Industrial Accident Commission, 56 Cal.

App.2d 804, 133 P.2d 698 (1943), with Collette v. Sarrasin, 184 Cal. 283, 193 P. 571 (1920).

13. As such, it may be disregarded by this Court. Fed.Rules Crim.Proc. 52(b).

14. See fn. 6, supra.

for disqualification of the judges in the Central Division of the Southern District of California, including the trial judge. Appellant contends that such denial was error.

Appellant's motion was based on the affidavits of appellant and his attorney, which stated only that the judges in the Central Division of the Southern District had adjudicated the bankruptcies out of which the charges against appellant arose and that the principal Government witnesses in the present case were bankrupts adjudicated by those judges. For disqualification of a judge under 28 U.S.C. § 144, a sufficient showing by affidavit of personal bias or prejudice is required. Knapp v. Kinsey, 232 F.2d 458 (6th Cir. 1956), rehearing denied 235 F.2d 129, cert. denied 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86. The section is directed to personal bias, which means an attitude of extrajudicial origin. A mere showing of prior judicial exposure to the present parties or questions will not invoke the section. Cf. Barnes v. United States, 241 F.2d 252 (9th Cir. 1956). Denis v. Perfect Parts Inc., 142 F.Supp. 263 (D.C. Mass.1956). Thus, the affidavits submitted below are legally insufficient to establish personal bias or prejudice within the meaning of 28 U.S.C. § 144; and, accordingly, we cannot hold that the denial of the motion based thereon was reversible error.

■■■■ 4. The trial court denied appellant's motion, under Rule 21(a) of the Federal Rules of Criminal Procedure, for transfer to a different district or division. Appellant also contends that this was error.

Rule 21(a) provides for transfer to a different district or division "if the court is satisfied that there exists in the district or division where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial in that district or division."

A motion under Rule 21(a) is addressed to the sound discretion of the trial court; and the trial court's denial of the motion is not error, absent a clear abuse of discretion. United States v. Moran, 236 F.2d 361 (2d Cir. 1956), cert. denied 352 U.S. 909, 77 S.Ct. 148, 1 L.Ed.2d 118. Rakes v. United States, 169 F.2d 739 (4th Cir. 1948).

Here also appellant based his motion on his own affidavit, which stated only that the judges in the Central Division of the Southern District had adjudicated the bankruptcies out of which the charges against appellant arose. We cannot hold that the District Court in denying the motion, on the basis of such an affidavit, clearly abused its discretion.

■■■■ 5. On the morning of the trial, the attorney for the Government stated that Mr. Arthur, appellant's attorney, would be called as a Government witness. Appellant contends that this statement materially prejudiced him and in effect, denied him of the right to adequate representation by counsel. He contends that it intimidated Mr. Arthur and substantially limited the effectiveness of his representation of appellant.

These contentions do not find support in the record.

In the first place, the record indicates that after the statement was made, the judge repeatedly said that he thought that a continuance should be granted so that appellant could obtain another attorney; and it is clear that appellant would have had the fullest cooperation of the trial court had he wished to obtain another attorney, but he insisted on retaining Mr. Arthur and proceeding with the trial immediately.[15]

■■■■ Further, the record in no way indicates that Mr. Arthur was intimidated by the statement of the attorney for the Government or that the statement hindered his representation of appellant. Appellant was adequately represented. The record shows that Mr. Arthur actively cross-examined Government witnesses, that he made appropriate objections, and, generally speaking, that he

15. Reporter's Transcript, 7, 9–10E.

conducted an able defense. Mr. Arthur may have committed errors in judgment; but such errors, even if they indicate a lack of skill, do not vitiate the trial, unless on the whole the representation was of such a low caliber as to amount to no representation and to reduce the trial to a farce. Sherman v. United States, 241 F.2d 329 (9th Cir. 1957), cert. denied 354 U.S. 911, 77 S.Ct. 1299, 1 L.Ed.2d 1429. United States ex rel. Feeley v. Ragen, 166 F.2d 976 (7th Cir. 1948). Such was not the case here. Moreover, "one who appears before the court with counsel employed for his defense is not deprived of his constitutional right to the assistance of counsel merely because in retrospection he concludes that such representation did not meet his standards of effectiveness." Moss v. Hunter, 167 F.2d 683, 684 (10th Cir. 1948), cert. denied 334 U.S. 860, 68 S.Ct. 1519, 92 L.Ed. 1780.

6. Zaven George Jigamian, one of appellant's witnesses, testified that he paid appellant some money in connection with the preparation of certain bankruptcy petitions and that he stated in a document submitted to the Bankruptcy Court that no money had been paid by him to an attorney at law in connection with the bankruptcy proceedings.[16] He was asked whether this statement was true, and the trial court sustained the Government's objection to the question on the ground that it called for a conclusion of the witness.

The trial court has broad discretion in these matters, Fred J. Keisel & Co. v. Sun Ins. Office of London, 88 F. 243, 249 (C.C.A.1898); and we cannot hold that its ruling here was an abuse of that discretion.

7. Finally, the record, taken as a whole and viewed in light of the contentions appellant has raised and the authorities he has cited, does not show that he was deprived of a fair trial. It shows instead that the proceedings were conducted according to law, that the trial court took all steps reasonably necessary to assure appellant a fair and impartial trial; and that, in fact, appellant enjoyed such a trial. Cf. Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953). Greer v. United States, 227 F.2d 546 (10th Cir. 1955). Baker v. United States, 156 F.2d 386 (5th Cir. 1946), cert. denied 329 U.S. 763, 67 S.Ct. 123, 91 L.Ed. 657.

In view of the foregoing, the judgment below is hereby Affirmed.

16. Mr. Jigamian's bankruptcy proceedings were not among the ones referred to in the indictment.