**In re John M. WEBSTER, Appellant.**

**No. 21288.**

United States Court of Appeals
Ninth Circuit.

Aug. 8, 1967.

Rehearing Denied Sept. 13, 1967.

14. Supra, footnote 12.

Finton J. Phelan, Jr., Agana, Guam, for appellant.

Committee of Bar Examiners, Harold W. Burnett, Atty. Gen., Chairman, Agana, Guam, for appellee.

Before HAMLEY and JERTBERG, Circuit Judges, and THOMPSON, District Judge.

HAMLEY, Circuit Judge:

This is an appeal from an order of the District Court of Guam, entered on September 2, 1966, disbarring John M. Webster from the practice of law in Guam. As indicated below, this is the second time this disbarment proceeding has reached this court.

The disbarment proceedings were instituted on June 8, 1965, when the Committee of Examiners, Judicial Council of Guam (Committee), received a written complaint charging Webster with embezzlement of funds belonging to a client. The Committee conducted a hearing pursuant to Government Code of Guam, section 28005. Based upon the evidence received and arguments presented at that hearing, the Committee found, in effect,

that the charges were true. The Committee reported its findings to the District Court of Guam and requested that the appropriate action be taken to disbar or suspend Webster from practicing law in Guam.

On August 6, 1965, the court entered an order requiring Webster to show cause why he should not be disciplined. Webster responded with a motion to quash, and a return to, the show cause order. The court denied the motion and proceeded with the hearing, being assisted by two judges of the Island Court of Guam. A transcript of the Committee proceedings, and the exhibits there introduced, were received in evidence as exhibits in the court hearing. The transcript was orally read in court. Counsel for Webster was given the right to object to questions asked at the Committee hearing, but made no objections. No additional evidence was offered on behalf of the Committee, but Webster and two other witnesses testified in his behalf.

Based upon the testimony and exhibits received at the court hearing, findings of fact were entered fully sustaining the report of the Committee upholding the charges which had been made against Webster. Based on these findings the court entered an order disbarring Webster from the practice of law in Guam, but with leave to apply to the Committee, at the expiration of one year, for reinstatement.

Webster appealed to this court. We reversed and remanded for further proceedings, holding that the court erred in calling to its assistance two judges of the Island Court of Guam. In re Webster, 9 Cir., 363 F.2d 837.[1]

After the certified copy of our judgment reached the District Court of Guam, that court, on August 26, 1966, entered a new show cause order reinstating the disbarment proceedings. The order provided for a hearing on September 2, 1966, before The Honorable Paul D. Shriver, judge of the District Court of Guam. At

[1] We held that six additional grounds for reversal advanced by Webster on that ap- peal lacked sufficient merit to warrant discussion.

the outset of that hearing Webster filed a motion to vacate the show cause order or, in the alternative, transfer the proceeding to another judge. The motion was supported by Webster's "Affidavit of Bias and Prejudice."

Judge Shriver denied the motion, stating that he had no bias or prejudice against Webster. The court also observed that no other judge was immediately available to determine the matter and since the court of appeals had upheld the previous disbarment order except for the presence of two other judges, it was not necessary to assign a "stateside" judge to hear the case.

The court then again received in evidence the transcript and exhibits and the findings and recommendations of the Committee, stating that these materials established a prima facie case against Webster. The latter was invited to produce evidence in his own behalf, but he chose to rest upon his response to the previous order to show cause, then before the court. Findings of fact and conclusions of law adverse to Webster were thereupon entered, together with an order of disbarment similar to the disbarment order entered a year earlier. Webster's appeal from the new order of disbarment is now before us.

Webster first asserts that the findings and recommendations of the Committee were incorporated into the record by reference, that no new evidence was received, that no one appeared for the Committee, and that the trial court merely adopted the findings and recommendation of the Committee. This manner of proceeding, and the trial court's asserted failure to make "independent" findings, Webster contends, was "gross and reversible error."

The factual premise of this contention is, in principal part, inaccurate. Not only the findings and recommendation of the Committee, but a complete transcript of all proceedings before the Committee, and Committee exhibits, were received by the court. These materials were not incorporated by reference, but were physically received in evidence. The trial court did not "merely" adopt the findings and recommendation of the Committee, but made independent findings concerning the charges made against Webster, based upon the entire Committee record.

█ It is true that no evidence in addition to the Committee transcript, exhibits, findings and recommendation was received in the court hearing. But, under the circumstances, this is not ground for reversal. The Committee transcript and exhibits established a prima facie case for disciplinary action. Webster and his attorney were familiar with these materials because they had also been received in evidence at the 1965 court hearing. Webster chose not to produce countering evidence, thereby relieving the Committee from offering any additional evidence.

Webster was not prejudiced by the failure of the Committee to produce additional evidence *against* him. If he had thought members of the Committee or any other person could give testimony *favorable* to him, he had the means of bringing them to court.

The court did not err in any of the respects referred to above.

Webster's second, third and seventh contentions are, in large part, repetitions of his first contention. But he does add the new view, unsupported by argument, that following the remand resulting from the first appeal, the disbarment proceeding should have been sent back to the Committee for further consideration. In this connection Webster points out that there had been one change in the membership of the Committee, the new member being the newly-elected president of the Guam Bar Association.

█ The reversal and remand resulting from the first appeal was not due to any procedural or substantive deficiencies in the Committee disbarment proceedings. There was therefore no occasion to send the matter back to the Committee. The fact that there had been one change in the Committee membership is immaterial, at least in the absence of any request by the Committee that the

82

matter be returned to it for further consideration.

Webster's remaining contentions on this appeal relate to the denial of his motion for the judge to disqualify himself.

■ The motion was purportedly based upon 28 U.S.C. § 144 (1964), providing procedures to be followed where a party to a proceeding in a district court of the United States believes the judge has a personal bias or prejudice against him. However, appellee correctly points out that this section has no application in the District Court of Guam. The term "district court," as used in section 144, means a court constituted by chapter 5 of Title 28. See 28 U.S.C. § 451 (1964). The District Court of Guam is not constituted under chapter 5 of Title 28, but rather under section 22(a) of the Organic Act of Guam, 64 Stat. 384 (1950), as amended, 48 U.S.C. § 1424(a) (1964). Corn v. Guam Coral Co., 9 Cir., 318 F.2d 622, 623. See also Tjosevig v. United States, 9 Cir., 255 F. 5; Callwood v. Callwood, D.C.V.I., 127 F.Supp. 179.

Webster argues in his reply brief that if 28 U.S.C. § 144 is not applicable to the District Court of Guam, the Fifth and Sixth Amendments of the Constitution in any event require a biased or prejudiced judge to disqualify himself. However, we need not pass upon this constitutional question because section 170(4) of the Guam Code of Civil Procedure specifically requires a judge of Guam to disqualify himself "[w]hen it is made to appear probable that, by reason of bias or prejudice of such judge, a fair and impartial trial cannot be had before him * * *."

Webster contends that the affidavit which he filed in support of his disqualification motion should have led Judge Shriver to disqualify himself.

In this affidavit Webster first alleged it to be his belief that Judge Shriver had a personal bias and prejudice against him and that, by reason thereof, Webster could not have a fair and impartial hearing before that judge. In explanation of this allegation, Webster's affidavit refers to two separate incidents.

The first of these pertains to the case of Jose L. G. Flores v. John M. Webster et al., civil case No. 66–65 in the District Court of Guam. Insofar as we can determine from the record before us, this was a case in which Flores sued Webster for damages arising out of an automobile accident. Webster filed a third-party complaint in that action against Government Employees Insurance Company, Inc., which was apparently the insurer on Webster's policy of liability insurance. A hearing in that case was held before Judge Shriver on April 8, 1966, in connection with the insurance company's effort to settle Flores' claim against Webster.

The problem before the court at that hearing revolved around the fact that counsel for Webster had refused to sign a stipulation dismissing the *Flores* action. The company wanted such a stipulation before settling Flores' claim because the stipulation contained provisions which would have protected the company from possible claims by other persons that the policy was in effect after the Flores accident. The company apparently believed that the policy had expired after the Flores accident. While Webster had sought to renew it, the company took the position that it had declined to do so because Webster had assertedly been involved in additional accidents since the Flores accident.

Webster and his counsel refused to sign the stipulation principally because, under the stipulation, Webster's third-party claim against the insurance company, based on the latter's initial refusal to defend Webster, would also have been dismissed. Webster and his counsel did not want to dismiss that third-party claim because there was an unresolved question of whether the company should reimburse Webster for the fee of the latter's attorney in preparing an answer to Flores' complaint against Webster. The problem was left unresolved by the court at that hearing, Judge Shriver in effect ruling that Webster was not required to forego

his claim against the insurance company for reimbursement of attorneys' fees.

But while the hearing thus came out in Webster's favor, certain remarks were made by the judge during the course of the hearing which, Webster asserts, demonstrated bias and prejudice against him. Webster first came to this conclusion while the *Flores* case was still pending. Ten days after the *Flores* hearing of April 8, 1966, referred to above, Webster filed an affidavit of bias and prejudice in the *Flores* case, calling attention to certain remarks made by Judge Shriver at the April 8 hearing. A copy of that affidavit was incorporated, by reference, in Webster's affidavit of prejudice filed in the court disbarment proceeding now under review. The principal remarks of the judge which were critical of Webster are summarized in the margin.[2]

In his affidavit filed in the disbarment proceeding now on appeal, Webster alleged that, in response to the affidavit of bias and prejudice filed in the *Flores* case, Judge Shriver entered an order disqualifying himself in that case with respect to Webster's third-party claim.[3]

There are set out, in the margin, the allegations in Webster's affidavit of bias and prejudice concerning the second incident he relies upon as requiring the judge to disqualify himself.[4]

Contrary to appellee's contention, the disqualification motion in this disbarment proceeding was not untimely. It relied exclusively upon events which occurred several months after the original court disbarment proceeding of August 1965, and the motion was made at the outset of the next hearing on September 2, 1966. However, we agree with appellee that the content of the motion and accompanying affidavit was not such as to indicate that Judge Shriver abused his discretion in declining to disqualify himself.

With reference to the *Flores* incident, all of the judge's remarks relied upon by Webster as showing bias and prejudice were made during the course of that judicial proceeding. Each such remark was relevant to an issue then before the court, and was based upon information gained by the judge in that case, or in other cases which had come before the same judge. None of the remarks patently

2. The judge: (1) remarked that the correspondence indicated that Webster had misrepresented to the insurance company that Webster had had no additional accidents; (2) stated that the court knew that Webster had been convicted of driving under the influence of liquor, and that such conviction had been sustained on appeal; (3) characterized as "nonsense," Webster's assertion that the company had, after the *Flores* accident, accepted Webster's renewal premium, stating that Webster had paid only fifty dollars of such premium; (4) characterized as "stupid," Webster's assertion that the fifty dollars was the entire two years' premium on Webster's Cadillac and Volvo; (5) stated that, in a motion for summary judgment, Webster had made a false statement as to the type of policy which was in existence.

3. Because of Judge Shriver's refusal to disqualify himself in that case with regard to Flores' claim against Webster, Webster commenced an original proceeding in this court, in the nature of mandamus, to require complete disqualification. Webster v. The District Court of Guam et al., No. 20970. A panel of this court granted leave to file the petition in the nature of mandamus and called upon the judge to respond within thirty days. Judge Shriver answered, pointing out that the part of the *Flores* case as to which he had not disqualified himself, had been settled and a judgment of dismissal had been entered. Judge Shriver therefore moved that the mandamus proceeding be dismissed as moot. Webster resisted the motion but this court granted the motion and dismissed the proceeding.

4. "That in the month of January 1966, your respondent suffered a coronary and stroke and was hospitalized in the Guam Memorial Hospital during January, February, and March, 1966. The respondent requested the United States Attorney and also his counsel to advise the court of said hospitalization so that any cases may be continued. That the court was informed of said serious illness, but disregarding this fact the District Court of Guam, Honorable Paul D. Shriver, Judge, dismissed several cases on the grounds that your respondent had not appeared at the pre-trial hearings."

demonstrated pre-existing bias arising from out-of-court occurrences. Some of the remarks relied upon were addressed to Webster's counsel, rather than to Webster personally. The ultimate result of the *Flores* hearing was favorable to Webster.

■ The personal bias which requires a judge to disqualify himself must ordinarily be an attitude of extrajudicial origin. United States v. Grinnell Corp., 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778; Lyons v. United States, 9 Cir., 325 F.2d 370, 376; Ferrari v. United States, 9 Cir., 169 F.2d 353, 355. It is possible for a pre-existing bias to exhibit itself during the course of a judicial hearing. As indicated above, however, we find nothing in the affidavit now before us, including the Flores affidavit which was incorporated by reference, which reveals any pre-existing personal bias or prejudice on the part of Judge Shriver against Webster. The evidence received at the court hearing fully supports the judge's findings of fact, and the specified disciplinary order—disbarment with leave to reapply at the expiration of one year—is entirely appropriate.

■ The fact that the judge, in response to a similar motion, disqualified himself in part of the preceding *Flores* case, is immaterial. The judge may then have thought that, although not personally biased, certain of his remarks may have given Webster cause to believe that the judge was, for the moment, somewhat less than objective in his consideration of Webster's argument. A judge who, out of an abundance of caution and a sincere desire to provide a fair hearing, takes such means to withdraw from a particular case, is not thereby committed to a consistent course of recusing himself in all subsequent cases involving the same party.

With reference to the alleged dismissal of cases for lack of prosecution after Webster took steps to advise the judge of Webster's serious illness (see note 4), the affidavit is too general to warrant a conclusion that failure to disqualify was an abuse of discretion. How long a delay in disposition of the cases would have been involved had continuances been granted? Did Webster take timely steps to secure substitute counsel to proceed with these cases? What other circumstances may have existed to explain the dismissals?

In our opinion, the order of disbarment is not subject to reversal because of Judge Shriver's failure to disqualify himself.

Since this court denied Webster's motion for a stay pending disposition of this appeal, he has presumably been withdrawn from the practice of law in Guam since at least September 2, 1966. As indicated above, however, he may apply for reinstatement on September 2, 1967, which is now close at hand.

Affirmed.