UNITED STATES of America, Appellee,

v.

John C. WINSTON, D.C., Appellant.

No. 79–1004.

United States Court of Appeals,
Ninth Circuit.

Feb. 11, 1980.

George G. Walker, San Francisco, Cal., on brief; Alan A. Dressler, San Francisco, Cal., argued, for appellant.

Floy E. Dawson, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before ELY and SNEED, Circuit Judges, and TAKASUGI,* District Judge.

ELY, Circuit Judge:

Winston was convicted on multiple counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). He appeals the conviction on the grounds that the trial judge improperly failed to recuse himself and because of alleged inadequate assistance of counsel. We affirm.

## I.

Winston, a chiropractor, and a co-defendant, Dr. Desmuke, a physician, were indicted for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 and multiple counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). These activities were in connection with their operation of a medical clinic in Oakland, California.

At a pre-trial hearing, Dr. Desmuke was found incompetent to stand trial on the basis of reports compiled by Dr. Desmuke's psychiatrist, who examined the doctor at the request of the court. The appellant was absent from this hearing and was not represented by counsel.

Appellant's court-appointed attorney made no effort to discover the psychiatric reports prior to trial, and he did not inform appellant of the judge's earlier exposure to those reports and Dr. Desmuke at the competency hearing. Appellant chose a bench trial, during which no recusal action, either *sua sponte* or at the request of counsel, was made. The court found appellant guilty on the substantive charges and acquitted him on the conspiracy count.

## II.

■ Winston contends that it was reversible error for the trial judge to fail to recuse himself *sua sponte* because of his pre-trial contact with Dr. Desmuke and his exposure to the reports of the psychiatric examination. Recusal, appellant argues, should have been made pursuant to 28 U.S.C. § 455, which provides, in pertinent part:

> Disqualification of justice, judge, magistrate, or referee in bankruptcy
>
> (a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> . . . . .

Sections 455(a) and (b)(1) are to be construed together when the ground for recusal is the bias or partiality of the trial judge. *United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978). Under 28 U.S.C. § 455, the standard to be employed is an objective one. That is, the trial judge is required to recuse himself only when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *See Hepperle v. Johnston*, 590 F.2d 609, 614 (5th Cir. 1979); *S. J. Groves & Sons Co. v. International Brotherhood of Teamsters, Local 627*, 581 F.2d 1241, 1248 (7th Cir. 1978); *United States v. Cowden*, 545 F.2d 257, 264 (1st Cir.), *cert. denied*, 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977); *United States v. Ritter*, 540 F.2d 459, 462 (10th Cir.), *cert. denied sub nom., Olson Farms, Inc. v. United States*, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976); *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1052 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

■ Examining the record in this case under such an objective standard, we find that a reasonable person would conclude that the trial judge's impartiality was not compromised. This conclusion is the prod-

* Honorable Robert M. Takasugi, United States District Judge, Central District of California, sitting by designation.

uct of several factors, most significantly, appellant's acquittal on the conspiracy count where the mental condition of Dr. Desmuke had the greatest potential relevancy. But even if the appellant had not been found innocent on the conspiracy charges, we conclude that there would have been no prejudice because the psychiatric reports were concerned only with Dr. Desmuke's then present capacity to stand trial and not his mental condition at the time of the alleged conspiracy or his relationship with the appellant. On the substantive counts, the competency of Desmuke was not in issue, and the trial judge specifically disclaimed any consideration of the doctor's condition in finding appellant guilty.

■ Section 455(b)(1) may alternatively require recusal in situations wherein the judge has pre-trial knowledge of the facts of a case, independent of any possible bias or partiality. In such instances, however, recusal is appropriate only when the information is derived from an extra-judicial source. Knowledge obtained in the course of earlier participation in the same case does not require that a judge recuse himself. *United States v. Grinnell*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *United States v. Carignan*, 600 F.2d 762, 763 (9th Cir. 1979); *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979); *In re Webster*, 382 F.2d 79, 84 (9th Cir. 1967); *Lyons v. United States*, 325 F.2d 370, 376 (9th Cir. 1963), *cert. denied*, 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 (1964). Since the judge's information in this case was acquired in the course of a pre-trial competency hearing for Desmuke, who was then a co-defendant, recusal was not required under section 455(b)(1).

### III.

Appellant also contends that errors or omissions by his attorney were of sufficient gravity to constitute a denial of the right to effective assistance of counsel guaranteed by the Sixth Amendment. He specifically points to three alleged errors.

■ First, appellant contends that his counsel's failure to request the recusal of the trial judge was inadequate representation under the Sixth Amendment standard. But in order for an act or omission of counsel to rise to the level of constitutional error, the accused must demonstrate that he was prejudiced thereby. *Ewing v. Williams*, 596 F.2d 391, 395 (9th Cir. 1979); *Cooper v. Fitzharris*, 586 F.2d 1325, 1331 (9th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979); *Beran v. United States*, 580 F.2d 324, 326 (8th Cir. 1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1422, 59 L.Ed.2d 634 (1979); *Harkins v. Wyrick*, 552 F.2d 1308, 1313 (8th Cir. 1977); *Benson v. United States*, 552 F.2d 223, 224 (8th Cir.), *cert. denied*, 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977).

■ Counsel may request the recusal of the trial judge under 28 U.S.C. § 144, which is to be construed like section 455, providing for recusal *sua sponte*. *United States v. Olander, supra*. Because we find that recusal was inappropriate in this case (part I, *supra*), we hold that appellant was not prejudiced by the failure of his counsel to make such a request.

■ Second, appellant contends that his counsel failed to discover Desmuke's psychiatric report prior to trial. It is clear, however, that the appellant was not prejudiced by lack of access to the reports because he was acquitted on the only count wherein Desmuke's competency was in issue (part I, *supra*). The record also indicates that the appellant was personally familiar with Desmuke's mental condition and had, in fact, accompanied the doctor on an earlier consultation with the same psychiatrist who conducted the court-ordered examination. Furthermore, appellant's failure to acquire the psychiatric evidence is chiefly the consequence of his own actions in fleeing the jurisdiction of the court during the time period of the pre-trial hearing, at which he would have had access to the information. For all these reasons, no prejudice attached to counsel's failure to make the subject discovery.

Third, and finally, appellant argues that because his attorney failed to inform him of the judge's participation in the competency hearing he, Winston, lacked adequate information on which to base his waiver of a jury trial. No substantial prejudice ensued from this failure to inform, however, because the appellant based his decision to request a bench trial on unrelated tactical considerations, which indicated that his highly technical defense would be better appreciated by a judge than by a jury. This strategy was largely responsible for the successful defense to the conspiracy count. Because appellant was acquitted on the only charges wherein the information might have influenced the trial judge's verdict and therefore been relevant to the decision to forego a jury trial, Winston has not shown the requisite prejudice.

The judgments of conviction are

AFFIRMED.