974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John J.G. GRAMES, Plaintiff-Appellant,
v.
SUPREME COURT OF the STATE OF ALASKA; Warren Matthews,
Chief Justice, et al., Defendants-Appellees.
 No. 91-35608.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 19, 1992.*
Decided Sept. 8, 1992.
 
 Appeal from the United States District Court for the District of Alaska, No. CV-90-370-AJK; Andrew J. Kleinfeld, District Judge, Presiding.
 D.Alaska
 AFFIRMED.
 Before HUG, D.W. NELSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff/Appellant John Grames, proceeding in forma pauperis, appeals the district court's denial of his civil rights claim against Defendants/Appellees the Supreme Court of Alaska, Alaska Supreme Court Justices Matthews, Rabinowitz, Compton, and Moore, and Clerk of the Supreme Court of Alaska David A. Lampen, and the denial of his request for recusal and change of venue. We affirm.
 
 I. Factual and Procedural History
 
 3
 Following unsuccessful attempts in state court to appeal the terms of his divorce decree and appeal a civil action which led to a writ of execution against him, on September 7, 1990, Grames filed a complaint in federal court alleging four Alaska Supreme Court Justices and the Clerk of the Supreme Court of Alaska violated his civil rights by conspiring with opposing attorneys to "obstruct[ ] justice; [deny his] constitutional right to due process, fair and speedy trial, [and] freedom from oppression." The district court construed this to be a 42 U.S.C. § 1983 action.
 
 
 4
 On October 26, 1990, a Notice To Show Cause was issued by Magistrate Judge John D. Roberts directing Grames to amend his complaint to show a cause of action or otherwise to show cause why the complaint should not be dismissed. Magistrate Roberts explained,
 
 
 5
 Plaintiff's conclusory allegations that the clerk conspired with the justices are insufficient to support a section 1983 claim. The complaint does not allege that the justices or the clerk acted outside the boundary of the law in any specific manner.... Plaintiff must state a cause of action or his complaint is subject to summary dismissal.
 
 
 6
 (Citations omitted.) Grames did not respond to the order.
 
 
 7
 On November 15, 1990, Grames filed a Request For Change Of Venue alleging that the assigned United States District Judge, Andrew J. Kleinfeld, should have recused himself because of a conflict of interest created by his association with one of the named Defendants, Justice Jay A. Rabinowitz, as his former law clerk.
 
 
 8
 On December 6, 1990, Magistrate Roberts filed a preliminary Recommendation for Dismissal and Denial of Recusal, finding that Grames "failed to amend the complaint to state a claim upon which relief can be granted despite an order granting leave to amend," and failed to cite "any sufficient reason why this court should request the case to be handled by a different district judge [inasmuch as] [t]he motion does not allege any bias or prejudice of the particular judge." On January 8, 1991, Magistrate Roberts confirmed his previous recommendation in the Final Recommendation Regarding Dismissal of Complaint, finding "Grames's original complaint is fatally flawed--judges are absolutely immune from civil liability for official actions taken within jurisdiction of their courts."
 
 
 9
 In an order dated February 14, 1991, Judge Kleinfeld accepted Magistrate Roberts' recommendation to dismiss, vacated the previously set oral argument, and denied Grames' Motion For Recusal And Change Of Venue, adding, "If my impartiality were affected by my personal acquaintance with any of the defendants, I would recuse myself, but it is not."
 
 
 10
 On February 19, 1991, Grames filed a Motion For Reconsideration which was denied April 16, 1991.
 
 II. 42 U.S.C. § 1983 Claim
 
 11
 Grames' allegation that his constitutional rights were violated was correctly construed by the district court to be a 42 U.S.C. § 1983 complaint. We agree with the district court that Grames' section 1983 claim fails because he alleged no facts which show he was deprived of any constitutional or other legal rights. Adalbe v. Adalbe, 616 F.2d 1089, 1092 (9th Cir.1980).
 
 
 12
 Grames' conclusory allegations that the appellees conspired to "obstruct[ ] justice; [deny him his] constitutional right to due process, fair and speedy trial, [and] freedom from oppression" are insufficient, without supporting facts, to maintain a section 1983 claim. Although a pro se complaint should be liberally construed and held to less stringent standards than pleadings by lawyers, Estelle v. Gamble, 429 U.S. 97, 106 (1976), district judges do not have to serve as advocates for pro se litigants, cf. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). A trial court may dismiss a claim sua sponte under FED.R.CIV.P. 12(b)(6), particularly if the plaintiff is given notice and an opportunity to amend the complaint. Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir.1981).
 
 
 13
 In the present case, the Magistrate's Notice To Show Cause carefully explained the legal deficiencies of the complaint, and included a full analysis of the judicial immunity issue and the pleadings requirements. Grames was given more than adequate opportunity to cure his complaint but chose not to do so. We conclude the district court properly dismissed the 42 U.S.C. § 1983 cause of action.[1]
 
 III. 28 U.S.C. § 455
 
 14
 Grames argues that Judge Kleinfeld's position as a former law clerk to one of the named defendants required him to recuse himself from the present case. A district court's decision whether to grant a motion for recusal is reviewed for an abuse of discretion. United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir.1988), cert. denied, 488 U.S. 952 (1989).
 
 
 15
 A judge shall recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[T]he trial judge is required to recuse himself only when a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," United States v. Winston, 613 F.2d 221, 222 (9th Cir.1980), and "must hear cases unless some reasonable factual basis to doubt the impartiality or fairness of the tribunal is shown by some kind of probative evidence," Blizard v. Frechette, 601 F.2d 1217, 1221 (1st Cir.1979).
 
 
 16
 In the present case, mere evidence of Judge Kleinfeld's law clerk position more than twenty years ago, without more, is insufficiently probative to form the factual basis upon which a reasonable person might doubt his impartiality. The district court did not abuse its discretion in denying Grames' motion.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the case was properly dismissed based on failure to state a claim, we need not address the question of judicial or sovereign immunity