**Commonwealth** of the Northern Mariana Islands, Plaintiff/Appellee,

v.

Josepha **Kaipat**, Defendant/Appellant.
Appeal No. 95-006
Criminal Case No. 94-136
September 27, 1996

---

Argued and submitted May 30, 1996

Counsel for Appellant:    Joaquin C. Arriola, Jr., Agana, Guam. (Arriola, Cowan & Bordallo)

Counsel for Appellee:    Gabriel E. Acosta, Office of the Attorney General, Saipan.

BEFORE: VILLAGOMEZ and ATALIG, Justices, and SALAS, Special Judge.

VILLAGOMEZ, Justice:

¶1    ■ Appellant, Josepha Kaipat ("Josepha"), appeals her conviction for obstructing justice in violation of 6 CMC § 3302.

We have jurisdiction under 1 CMC § 3102(a).

## ISSUE AND STANDARD OF REVIEW

¶2    ■ Josepha raises three issues. However, the first issue is dispositive of this appeal. Because we reverse on the first issue, we need not address the other two issues.

¶3    1. Whether the trial judge erred in failing to disclose his personal knowledge of disputed facts in the proceedings, and recuse himself from presiding at the bench trial. We review a trial judge's failure to recuse himself or herself under the abuse of discretion standard.[1] Absent abuse of discretion, we will not disturb the judge's decision not to recuse himself.

## FACTUAL AND PROCEDURAL BACKGROUND

[1] *Santos v. Santos*, 3 N.M.I. 39, 47 (1992).

¶4    This case arises from an incident that occurred on October 19, 1994, during the jury trial of Josepha's brother, Francisco Kaipat ("Francisco"). Francisco was charged with assaulting A.T.M. Mozaffour Hossain ("Hossain") with a dangerous weapon. Judge Marty W.K. Taylor ("judge") presided at that trial.

¶5    Hossain, a witness who was waiting to be called to testify, sat outside the courtroom. Josepha, a police officer who was off-duty at the time, sat next to him. She allegedly leaned over to Hossain and said, "Hey, police protect you today and tomorrow police will not protect you, I will kill you anytime."

¶6    The prosecuting attorney ("prosecutor") testified that he observed Hossain seated on a bench outside the courtroom, crying and shaking. After learning what had occurred outside the courtroom, the prosecutor told defense counsel that it was necessary to inform the judge of what had occurred. In the judge's chambers, the prosecutor explained what had occurred and further explained that Hossain was "in no condition to testify that night."[2] The prosecutor requested a continuance until the following night "to give Mr. Hossain a chance to collect himself before taking the witness stand."[3] A hearing was held to provide a factual basis for the motion for a continuance, and Hossain was called as a witness. The judge heard Hossain's testimony regarding what had just allegedly occurred and observed his demeanor. He then granted the prosecutor's request for a continuance.[4]

¶7    The following day, the government charged Josepha by information with obstructing justice by tampering with a witness. A bench trial of Josepha's case took place before the same judge in January 1995. Hossain, Josepha and four other witnesses testified. The judge found Josepha guilty and sentenced her to one year in jail.[5]

Josepha timely appealed. New counsel was appointed to represent her on appeal.

## DISCUSSION

¶8    Josepha argues that the judge erred in failing to disclose his personal knowledge of disputed facts in the proceedings, and should have recused himself from presiding at the bench trial. She further argues that as a

[2] Transcript of Proceedings at 25-26, *Commonwealth v. Kaipat*, (No. 94-0136).

[3] *Id.* at 26.

[4] *Id.*

[5] At oral argument, counsel for appellant informed this Court that Josepha has completed serving her sentence.

result of the judge's failure to recuse himself, the judge abused his discretion.[6] We agree.

¶9 ■ The government contends that because Josepha did not seek the judge's recusal at trial, this Court should not consider this issue on appeal.[7] We disagree. Generally, an appellate court may not consider arguments raised for the first time on appeal.[8] However, there are three narrow exceptions to this rule: (1) a new theory or issue arises because of a change in the law while the appeal was pending; (2) the issue is only one of law not relying on any factual record; or, (3) plain error occurred and an injustice might otherwise result if the appellate court does not consider the issue.[9] We conclude that the third exception is applicable in this case; that is, plain error occurred and an injustice would result if we do not consider this issue.[10] In addition, the applicable laws [1 CMC § 3308(a) and (b)(1)] place upon the judge himself, the obligation to identify the existence of grounds for recusal, rather than requiring recusal only in response to a party's motion.[11] Therefore, we will consider this issue on appeal.

¶10 ■ Josepha argues that when the judge presided over the trial of Francisco, he gained knowledge of facts which were relevant at her trial, such as: (1) that Hossain's reaction and demeanor were consistent with the threat allegedly made against him; (2) that the judge gained information about the threats based on Hossain's testimony at the hearing on the government's motion for a continuance; (3) that the judge gained information from the prosecutor in chambers about what had occurred outside the courtroom; and, (4) that since Hossain's demeanor and credibility were at issue in her trial, the judge was biased as a result of the knowledge he gained at Francisco's trial. Josepha contends that based on the

above, a reasonable person with knowledge of all these facts would conclude that the judge's impartiality might reasonably be questioned under 1 CMC § 3308(a).[12] We agree, especially since the judge, and not a jury, is the trier of fact in this case.

¶11 ■ The basis for questioning the judge's impartiality is commonly derived from an extrajudicial source.[13] In *Liteky*, the Court discussed at length the extrajudicial source doctrine and its applicability to 28 U.S.C. § 455(a), the federal law that is equivalent to 1 CMC § 3308(a).[14] The Court stated that "extrajudicial source" means "a source outside the judicial proceeding at hand--which would include as extrajudicial sources earlier judicial proceedings conducted by the same judge (as are at issue here)."[15]

¶12 The extrajudicial source doctrine applies in the instant case. The judge did not only obtain information about Josepha's alleged criminal conduct from the proceedings in Josepha's case. He previously obtained information about Josepha's alleged crime during Francisco's trial proceedings. By observing first-hand the demeanor of the victim and hearing about the circumstances in chambers and at the hearing that evening, he became a witness to what occurred.

¶13 Josepha contends that the judge also abused his discretion by not recusing himself pursuant to 1 CMC § 3308(b)(1).[16] We agree. Under the Ninth Circuit case law interpreting 28 U.S.C. § 455(b)(1), the federal equivalent of § 3308(b)(1), a judge shall disqualify himself or herself where he or she has personal knowledge of disputed evidentiary facts concerning the proceeding.

¶14 ■ The standard for determining a violation of § 3308(b)(1) is an objective standard. The trial judge is required to recuse himself or herself when "a reasonable person with knowledge of all of the facts would conclude that the judge's impartiality might be questioned."[17]

---

[6] *Santos v. Santos, supra,* 3 N.M.I. at 39: citing *Milgard Tempering, Inc. v. Selas Corp. of America,* 902 F.2d 703, 714 (9th Cir. 1990).

[7] *In re Seman,* 3 N.M.I. 60, 65 (1992).

[8] *Ada v. Sablan,* 1 N.M.I. 415, 426 n.12 (1990); *see also, Camacho v. Northern Marianas Retirement Fund,* 1 N.M.I. 362, 372 (1990).

[9] *Ada,* 1 N.M.I. at 426 n.12.

[10] *Id.*

[11] "A justice or judge of the Commonwealth *shall* disqualify himself or herself in any proceeding in which his or her *impartiality might reasonably be questioned,*" or, "Where he or she has....*personal knowledge of disputed evidentiary facts concerning the proceedings.*" 1 CMC § 3308(a), (b)(1) (emphasis added).

[12] "A justice or judge of the Commonwealth *shall* disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned." 1 CMC § 3308(a), *supra.* (emphasis added).

[13] *Liteky v. United States,* 510 U.S. ___, 114 S.Ct. 1147, 1155, 127 L.Ed.2d 474, 488 (1994).

[14] *Id.* 114 S.Ct. at 1152-1158, 127 L.Ed.2d at 484-492.

[15] *Id.* 114 S.Ct. at 1152, 127 L.Ed.2d at 484.

[16] "The justice or judge *shall* disqualify himself or herself ... Where he or she has ......*personal knowledge of evidentiary facts concerning the proceeding.*" 1 CMC § 3308(b)(1), *supra,* (emphasis added).

[17] *United States v. Chischilly,* 30 F.3d 1144 (9th Cir. 1994).

Under § 3308(b)(1), recusal is required in situations wherein the judge has pre-trial knowledge of the facts of a case, and such information is derived from an extrajudicial source.[18] Again, in the instant case, the extrajudicial source is satisfied.

¶15 In pronouncing Josepha guilty, the judge admitted his familiarity with Criminal Case No. 94-86. The judge stated, "I am familiar with criminal case ninety-four, eighty-six and the witnesses who were summoned to testify. I find that on the nineteenth day of October there was an ongoing criminal trial."[19]

¶16 ■ The facts and circumstances presented in this case warrant appropriate appellate review. Judicial ethics such as those embodied in 1 CMC § 3308 serve to ensure that all persons who come before the bench are treated fairly, without bias or partiality or the appearance thereof.

¶17 ■ The Due Process Clause of the CNMI Constitution requires a judge to step aside when a reasonable judge would find it necessary to do so.[20] At the same time, the Commonwealth judicial disqualification statute requires disqualification when others would have reasonable cause to question a judge's impartiality.[21]

## CONCLUSION

¶18 Because the judge was the fact-finder in Josepha's trial and he had prior knowledge of disputed facts from an extrajudicial source, he should have disqualified himself. By not doing so, the judge abused his discretion.

¶19 We hereby **REVERSE** Josepha's conviction and **REMAND** this case for the trial court to dismiss this case with prejudice, particularly because Josepha has already served her sentence.

---

[18] *United States v. Winston*, 613 F.2d 221, 223 (9th Cir. 1980); *see also United States v. Grinnel Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778, 793 (1966).

[19] Transcript of Proceedings, *supra*. at 80, *Commonwealth v. Kaipat*, (No. 94-136).

[20] *U.S. v. Couch*, 896 F.2d 78 (5th Cir. 1990).

[21] 1 CMC § 3308, *supra*.