UNITED STATES of America,
Plaintiff—Appellee,

v.

Steven KEY, Defendant—Appellant.

No. 01–50130.

D.C. No. CR–99–01095–SVW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 2002.

Decided June 19, 2002.

---

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## MEMORANDUM *

Steven Key appeals his conviction and sentence for distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I.

Key first complains that the district court judge should have recused himself pursuant to 28 U.S.C. § 455 because the judge previously presided over criminal proceedings involving Joe Woodson, a government informant and trial witness in Key's case. Key concedes that the judge was not actually biased. He nevertheless contends that certain actions by the district court in connection with Woodson's case created an appearance of bias. We disagree. That the court presided over the informant's prosecution, alone, is insufficient to create the appearance of bias. *See United States v. Winston*, 613 F.2d 221, 223 (9th Cir.1980) (holding that the judge's impartiality was not compromised by the judge's having presided over a co-defendant's pretrial hearing). Nor does the judge's postponement of Woodson's plea entry demonstrate the appearance of bias, particularly when Key's case had not yet been assigned to the same judge. The failure to issue a violator's warrant, which could have led to a revocation of Woodson's parole, does not create an appearance of bias because it is the Parole Commission's responsibility to do so, not that of the district court.

Although Key correctly argues that the trial court violated General Order 224 of the Central District of California by ruling on the recusal motion itself, because he did not object at the time, he has waived this

claim on appeal. *United States v. Berberian,* 851 F.2d 236, 240–41 (9th Cir.1988).

## II.

Key makes three claims of evidentiary error. We reject Key's argument, made for the first time on appeal, that the district court erred in admitting into evidence an unsigned affidavit, prepared by Key for his girlfriend's signature. The statement was cumulative of Key's own trial testimony, and so its admission was not plain error. *United States v. Musacchio,* 968 F.2d 782, 791 (9th Cir.1991).

Key's argument that the district court erred by permitting the government to introduce evidence of Key's prior convictions for impeachment purposes also fails. Because Key himself introduced this evidence during direct examination, he "cannot complain on appeal that the evidence was erroneously admitted." *Ohler v. United States,* 529 U.S. 753, 755, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000).

Finally, the trial court did not abuse its discretion by precluding Key from impeaching Woodson with evidence that Woodson was a suspect in a murder case and had been arrested for domestic violence. This evidence involved a collateral line of inquiry, irrelevant to the drug charges for which Key was being tried, and sheds no light on Woodson's character for truthfulness. *See United States v. Norman,* 402 F.2d 73, 77 (9th Cir.1968); Fed.R.Evid. 608(b). Given evidence admitted at trial documenting Woodson's extensive drug history and conviction record, "[t]he likelihood that such a collateral line of inquiry would have confused and misled the jury concerning the primary issue of defendant's guilt far outweighed any possible probative value to defendant of the proffered evidence." *Norman,* 402 F.2d at 77.

## III.

For the same reasons, the trial court did not abuse its discretion in declining to continue the trial to await the results of a DNA test of garments found at the site of the homicide in which Woodson was a suspect. Key's trial had been continued twice already, and he provided the court with no additional facts implicating Woodson in the homicide. *See United States v. Fowlie,* 24 F.3d 1059, 1069 (9th Cir.1994). Moreover, because Woodson was never charged with the homicide, even after the DNA testing had been completed, Key cannot show that he suffered prejudice resulting from the trial court's decision. *United States v. de Cruz,* 82 F.3d 856, 861 (9th Cir.1996) (holding that there is no reversible error without actual prejudice).

## IV.

Key's assignments of sentencing error also fail. The district court did not clearly err in finding that Key's second conviction for a controlled substance offense was unambiguous, and therefore supported career offender status. *See* U.S.S.G. § 4B1.1. Key admitted at trial that he had pled guilty in Superior Court to California Health & Safety Code § 11351 (possession for sale of a controlled substance), the Superior Court sentencing transcript reflects that he pled guilty to this offense, and the written judgment confirms this conclusion. *See United States v. Allen,* 157 F.3d 661, 668 (9th Cir.1998).

Second, the trial court's bifurcated jury determination to establish drug quantity does not violate *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The jury first found beyond a reasonable doubt that Key delivered a "detectable amount of cocaine base" and convicted him on that basis. It was then instructed on the question of whether

Key's offense involved at least fifty grams of a substance containing cocaine base, and so found beyond a reasonable doubt. This is consistent with the teaching of *Apprendi*. *See id.* at 490, 120 S.Ct. 2348. There was no error here and thus Key's conviction and sentence must be

AFFIRMED.