**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David John PRAMIK, Defendant–
Appellant.**

No. 06–10626.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2007.

Filed May 21, 2007.

Stanley A. Boone, Esq., USF–Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Carrie S. Leonetti, Esq., FPDCA–Federal Public Defender's Office, Fresno, CA, for Defendant–Appellant.

Before: B. FLETCHER, SILER,* and HAWKINS, Circuit Judges.

MEMORANDUM **

David John Pramik conditionally pled guilty to the charge of driving under the influence in Yosemite National Park and preserved his right to appeal the denial of his motion to suppress evidence obtained during the traffic stop preceding his arrest. A park ranger arrested Pramik for driving under the influence of alcohol while in the park. The ranger initiated the traffic stop because Pramik did not have a working license plate light, a violation of California law. Pramik argues that the ranger's warrantless detention, search, and arrest of him violated the Fourth Amendment, and the magistrate judge's refusal to grant his motion to suppress was error. Pramik also contends that the magistrate judge should have *sua sponte* recused himself because he was biased in favor of the park ranger's testimony regarding the license plate light. We affirm.

If the ranger's testimony was credible, probable cause existed for the stop. *See United States v. Lopez–Soto,* 205 F.3d 1101, 1104–05 (9th Cir.2000). The district court's credibility determination is reviewed for clear error. *Conrad v. United States,* 447 F.3d 760, 768 (9th Cir.2006). We will give "great deference to district court findings relating to credibility." *United States v. Jordan,* 291 F.3d 1091, 1100 (9th Cir.2002). Pramik urges this court to consider that the license plate light was working at the car dealership five days earlier, the light was working during his and counsel's inspection shortly following the arrest, and the ranger never issued him a ticket for not having a functioning light as evidence that the credibility determination was clearly erroneous. However, this evidence is not enough to overcome the clear error standard. In this case, the magistrate judge decided to give credit to the ranger's testimony. The ranger gave plausible testimony not contradicted by extrinsic evidence; therefore, the clear error standard virtually precludes us from overturning the magistrate judge's credibility decision. *Conrad,* 447 F.3d at 768. Accepting the ranger's testimony was reasonable for the magistrate

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

judge to do, and regardless of how another judge may have viewed the testimony, it cannot be reversed under the existing standard. *See Anderson v. City of Bessemer,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

Pramik further argues that the judge should have *sua sponte* recused himself from the case. This issue was raised for the first time on appeal to the district court. Because the judge stated that he was unwilling to believe that the ranger perjured himself in this instance, Pramik believes this demonstrates a bias in favor of law enforcement and the judge's unwillingness to ever discredit a law enforcement officer's testimony. However, such an argument is premised on a mischaracterization of the judge's credibility finding. The judge did nothing more than rule on the credibility of *this* ranger's testimony in *this* particular case. A reasonable person would not believe that the judge should have recused himself in this case; thus, Pramik's argument fails. *See United States v. Winston,* 613 F.2d 221, 222 (9th Cir.1980).

**AFFIRMED.**

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.