**Karen McBRIEN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 08–840 C.**

United States Court of Federal Claims.

March 5, 2009.

---

Karen McBrien, Austin, TX, pro se.

Lauren Springer Moore, U.S. Department Of Justice, Civil Div.—Commercial Litigation Br., Washington, DC, for Defendant.

### ORDER

JAMES F. MEROW, Senior Judge.

By motion, filed March 2, 2009, plaintiff seeks an order of disqualification pursuant to 28 U.S.C. § 455(a), expressing concern "that anyone with a background in the military would be hearing an action involving the military and Department of Defense." (Pl.'s Mot. 2.) The undersigned fulfilled his then military service obligation by serving on active duty as an officer in the Army Judge Advocate General Corps from 1956 to 1959. Also, plaintiff requests reassignment of this case to a judge, "who has NOT worked for the Department of Justice or the FBI or other named agencies in the First Amended Complaint." (Pl.'s Mot. 3.) The undersigned resigned from Department of Justice employment in 1978, upon being appointed a United States Court of Claims Trial Judge,

and has served thereafter as a judge or senior judge from 1978 to date.

■ Under 28 U.S.C. § 455(b)(3), certain prior government service compels disqualification. Such circumstances are not present here and plaintiff rests her motion on 28 U.S.C. § 455(a) which provides for recusal when a judge's "impartiality might reasonably be questioned." This provision requires recusal "only when a reasonable person with knowledge of all the facts" would harbor doubts about the judge's ability to act impartially. *Baldwin Hardware Corp. v. FrankSu Enter. Corp.,* 78 F.3d 550, 557 (Fed.Cir.1996) (quoting *United States v. Winston,* 613 F.2d 221, 223 (9th Cir.1980)). Section 455(a) sets forth an objective standard for recusal. *See Liteky v. United States,* 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Distant military or governmental service, with no financial connection to the instant litigation, does not raise any reasonable question as to the randomly assigned judge's impartiality. *Maier v. Orr,* 758 F.2d 1578, 1582 (Fed.Cir.1985); *Cherokee Nation of Oklahoma v. United States,* 26 Cl.Ct. 215, 218 (1992).

The objective standard for recusal established in 28 U.S.C. § 455(a) has not been met. Accordingly, it is **ORDERED** that plaintiff's Motion for an Order of Disqualification, filed March 2, 2009, is **DENIED.**