ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| PUEBLO DE PUERTO RICO,<br><br>Recurrida,<br><br>v.<br><br>RAMÓN A. MERCADO CAMACHO,<br><br>Peticionaria. | TA2025CE00709 consolidado con el TA2025CE00904 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito.<br><br>Criminal núm.:<br>B SC2025G0071 al 0072.<br><br>Sobre:<br>Art. 404(a) de la *Ley de Sustancias Controladas*. |
| --- | --- | --- |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

## RESOLUCIÓN INTERLOCUTORIA Y FINAL

En San Juan, Puerto Rico, a 16 de diciembre de 2025.

Evaluada la solicitud de consolidación presentada por la parte peticionaria en el recurso TA2025CE00709, y luego de discutido entre los presidentes de este Panel I y del Panel X, y por los recursos estar tan estrechamente relacionados, este Tribunal **ordena su consolidación** con el recurso TA2025CE00904.

De otra parte, examinada la solicitud de paralización de la vista de fianza en apelación presentada en el recurso TA2025CE00904, a celebrarse en la causa criminal del título, hoy, **16 de diciembre de 2025, a la 1:30 pm**, **sin lugar**.

En cuanto a la expedición del recurso del auto de *certiorari* presentado en esta misma fecha en el **TA2025CE00904**[1], y prescindiendo de la comparecencia de la parte recurrida[2], este Tribunal resuelve **denegar la expedición del recurso de *certiorari***.

---

[1] En el recurso TA2025CE00904, el peticionario, señor Ramón A. Mercado Camacho, solicita que revisemos la *Resolución* emitida por la Jueza Administradora de la Región Judicial de Aibonito el 11 de diciembre de 2025, que denegó su petición para que el juez superior sentenciador se inhiba de presidir la vista de fianza en apelación, a celebrarse en esta fecha.

[2] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]".

Añadimos que este Tribunal concluye que la parte peticionaria no pudo establecer que el foro primario hubiera incurrido en error alguno. Tampoco surge del expediente que el tribunal recurrido hubiera abusado de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones. Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal de Apelaciones, según enmendado, 4 LPRA Ap. XXII-B, denegamos **la expedición del auto de *certiorari* en el TA2025CE00904**.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos está conforme y añade lo siguiente. Ordinariamente, es solo el prejuicio derivado de **razones ajenas al trabajo judicial** el que podría impedir que un(a) juez(a) adjudique un caso. Cuando el Canon 20(a) de Ética Judicial menciona la situación en que un(a) juez(a) ha "prejuzgado el caso", ello se refiere a una inhabilidad, **por razones ajenas al trabajo judicial**, de ser imparcial.

La norma, a los efectos de que, ordinariamente, trabajo judicial previo <u>no</u> constituye una justificación válida para inhibirse de trabajo judicial posterior, es también la que impera en otras jurisdicciones y es la que fue adoptada por el Tribunal Supremo de Estados Unidos. *Liteky v. United States*, 510 US 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *United States v. Ayala*, 289 F.3d 16 (1st Cir. 2022); *US v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005); *Omega Eng. v. Omega*, 432 F.3d 437 (2d Cir. 2005); *US v. Widgery*, 778 F.2d 325, 328 (7th Cir. 1985); *Hepperle v. Johnston*, 590 F.2d 609 (5th Cir. 1979); *Weber v. Garza*, 570 F.2d 511 (5th Cir. 1978); *Lessard v. City of Allen Park*, 249 F.Supp. 2d 871, 876-880 (E.D. Mich. 2003); *Obert v. Republic Western Ins. Co.*, 190 F.Supp.2d 279 (D.R.I. 2002).

En otras palabras, "[k]nowledge obtained in the course of earlier participation in the same case does not require that a judge recuse

himself". *United States v. Winston*, 613 F.2d 221 (9th Cir. 1980) ("pre-trial knowledge of the facts of a case, independent of any possible bias or partiality" solo justificaría una inhibición cuando "the information is derived from an extra-judicial source") (citando *United States v. Grinnell*, 384 U.S. 563, 583 (1966); *United States v. Carignan*, 600 F.2d 762, 763 (9th Cir. 1979); *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978), cert. denied, 440 U.S. 907 (1979); *In re Webster*, 382 F.2d 79, 84 (9th Cir. 1967); *Lyons v. United States*, 325 F.2d 370, 376 (9th Cir. 1963), cert. denied, 377 U.S. 969 (1964)); *Poole v. United States*, 2009 WL 2392927 (N.D. Ohio 2009).

Como explicó el Tribunal Supremo federal en *Liteky v. United States*, 510 US 540, 550-551 & 555 (1994) (énfasis suplido):

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since **his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings**, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. … Also not subject to deprecatory characterization as "bias" or "prejudice" are **opinions held by judges as a result of what they learned in earlier proceedings**. It has long been regarded as **normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials** involving the same defendant.
> …
> … [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

Por razones similares, tampoco existe planteamiento válido alguno a los efectos de que el Canon 20(i) de Ética Judicial impide a un mismo juez atender una controversia potencialmente relacionada a una adjudicada anteriormente. Este Canon permite la inhibición por cualquier "causa que pueda razonablemente arrojar dudas" sobre la imparcialidad del juez para adjudicar o que "tienda a minar la confianza pública en el sistema de justicia."

Para determinar si dicha disposición requiere la inhibición, debe examinarse si una persona razonable puede concluir que existe duda sobre la imparcialidad del juez para adjudicar. El análisis en este contexto requiere que se adopte el punto de vista de un "observador razonable, bien informado, con el conocimiento de todos los datos y las circunstancias relevantes al caso, incluyendo aquellas que son de conocimiento general, como las que no están a la luz pública…" *Andino Torres, Ex Parte*, 152 DPR 509, 512-513 (2000) (citas omitidas). La imputación de parcialidad debe ser basada en "hechos que produzcan duda razonable sobre la imparcialidad del juez en la mente de una persona razonable, no desde el punto de vista del juez, los litigantes o sus abogados". *Andino Torres*, 152 DPR, a la pág. 513 (citas omitidas); véase, además, *Cheney v. United States Dist. Court for D.C.*, 541 U.S. 913, 914, 924 (2004) (citando a *Microsoft Corp. v. U.S.*, 530 U.S. 1301, 1302 (2000)).

Ahora bien, no existe razón para que un "observador razonable" pueda imputarle parcialidad a un(a) juez(a) simplemente porque, anteriormente, haya pasado juicio, como parte de sus funciones judiciales, sobre una controversia particular en un mismo caso. Como se explicó arriba, la parcialidad que se considera impermisible ordinariamente no se deriva del desempeño de la función judicial.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones